J-S39023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                        :  PENNSYLVANIA
                                        :
                  v.  :
                                          :
                                        :
WYMAN A. ALLEN  :
                                        :
            Appellant  :  No. 52 MDA 2018

Appeal from the PCRA Order December 7, 2017
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000993-2014,
CP-40-CR-0002649-2015, CP-40-CR-0004204-2014

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:             **FILED AUGUST 07, 2018**

Wyman A. Allen (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We summarize the relevant facts and procedural history of this case as follows.  Appellant was charged with numerous drug trafficking offenses and violations of the Motor Vehicle Code at docket numbers CP-40-CR-993-2014 (993-2014), CP-40-CR-4204-2014 (4204-2014), and CP-40-CR-2649-2015 (2649-2015).  On October 19, 2015, Appellant pled guilty at docket number 4204-2014 to one count of possession with the intent to deliver a controlled substance.[1]  On January 4, 2016, Appellant pled guilty at docket number 993-

---

[1]  35 P.S. § 780-113(a)(30).

2014 to one count of possession with the intent to deliver a controlled substance, one count of driving under the influence of alcohol (DUI) – general impairment, and one count of driving while operating privilege suspended or revoked.[2] The same day, Appellant also pled guilty at docket number 2649-2015 to one count of DUI – general impairment and one count of resisting arrest.[3]

At Appellant's January 4, 2016 guilty plea hearing, plea counsel[4] informed the trial court that Appellant desired a state intermediate punishment (SIP) sentence. Plea counsel explained that he had contacted the Sentencing Commission on Appellant's behalf so that Appellant could undergo an evaluation to determine if he qualified for an SIP sentence, but was unsure at that time whether Appellant would indeed qualify. Ultimately, Appellant did not qualify for an SIP sentence.

On May 9, 2016, the trial court sentenced Appellant at all three docket numbers to an aggregate term of 48 to 96 months of incarceration. Appellant filed a post-sentence motion to modify his sentence, which the trial court

---

[2] 35 P.S. § 780-113(a)(30); 75 Pa.C.S.A. §§ 3802(a)(1), 1543(b)(1).

[3] 75 Pa.C.S.A. §§ 3802(a)(1); 18 Pa.C.S.A. § 5104.

[4] Plea counsel only represented Appellant for his January 4, 2016 guilty plea and at sentencing. Plea counsel did not represent Appellant at his October 19, 2015 guilty plea.

denied on June 21, 2016. Appellant filed a direct appeal to this Court, which, for reasons that are not clear from the record, he subsequently discontinued.

On December 29, 2016, Appellant filed a *pro se* PCRA petition and on February 8, 2017, the PCRA court appointed counsel to represent Appellant. Appellant asserted that plea counsel was ineffective for assuring him that he was eligible for an SIP sentence when he was not in fact eligible for such a sentence. Consequently, Appellant argued that plea counsel's ineffectiveness caused him to enter a guilty plea that was not knowing, voluntary, or intelligent. On December 5, 2017, the PCRA court held a hearing on Appellant's PCRA petition. The PCRA court denied the petition on December 7, 2017. On January 2, 2018, Appellant timely appealed to this Court.

Appellant presents the following issue for review:

Whether trial counsel was ineffective in assuring Appellant that he was eligible for the [SIP] [p]rogram when in fact, he was not[,] thus making his plea involuntary.

Appellant's Brief at 1.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quotations and citations omitted). "To be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2)[.]" *Id.*

Appellant challenges plea counsel's effectiveness as it pertains to his guilty plea. In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id.* (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. *Bomar*, 104 A.3d at 1188.

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super.2007) (quotations and citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.*

(quotations and citations omitted). "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (quotations and citations omitted). "The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome." *Id.* (quotations and citations omitted).

With respect to valid guilty pleas, this Court has explained:

A valid guilty plea must be knowingly, voluntarily and intelligently entered. The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citations omitted).

Appellant argues that plea counsel was ineffective because plea counsel guaranteed him, prior to his guilty plea, that he would receive an SIP sentence. Appellant contends that because he did not receive an SIP

sentence, plea counsel's guarantee was improper and his guilty plea was not knowing, voluntary, and intelligent.

We conclude that Appellant's claim lacks arguable merit. The record provides no support, other than the self-serving statements Appellant made at the PCRA hearing, for the assertion that plea counsel guaranteed Appellant that he would receive an SIP sentence. Instead, the record amply supports the PCRA court's determination that plea counsel made no such guarantee.

Plea counsel specifically testified that he "absolutely positively" did not tell Appellant that he was guaranteed SIP. N.T., 12/5/17, at 15. The notes of testimony from Appellant's guilty plea hearing corroborate plea counsel's testimony. At the guilty plea hearing, plea counsel explained the following regarding Appellant's eligibility for an SIP sentence:

> [Plea Counsel]: Now we've had some discussions with the District Attorney's office about -- and we checked with the state, if the [c]ourt were inclined, to allow him to go to the state for an evaluation on the SIP program. Obviously[,] he has a serious addiction issue which involves all of his crimes.
>
> I did call the Sentencing Commission and spoke with them, and it seems that he **might** qualify for at least their evaluation process, and then they will make the ultimate determination if they feel [*sic*]. Now, he does have some armed robberies in Florida, but they were in the early 80's. Looking at the SIP statute, it has to be within the past ten years, so he's outside of that time period. **So we're not sure if he'll qualify**, but that's what we're asking the opportunity for.

N.T., 1/4/16, at 2-3 (emphasis added). Thus, plea counsel made clear prior to Appellant at the guilty plea hearing that an SIP sentence was a possibility, not a guarantee.

- 6 -

Moreover, as the PCRA court explained, there is no evidence of record that Appellant's guilty plea was anything other than knowing, voluntary, and intelligent:

> [T]he hearing record of the guilty plea colloquy clearly establishes that [Appellant] heard the content of the plea agreements, read the agreements, acknowledged he understood the plea agreements, and signed the plea agreements. [N.T., 1/4/16, at 10]. [Appellant] testified he had both the opportunity to ask questions of his attorneys and he was satisfied with their representation. Id. at [] 13, 15. [Appellant] acknowledged no other promises were made to induce his guilty plea. Id. at [] 16-17. Perhaps most importantly, the record establishes [Appellant] was aware that sentencing was at the discretion of the court. Id. at [] 6.

PCRA Court Opinion, 2/28/18, at 6-7 (footnotes omitted).

Based upon our review of the certified record, including the transcripts from both the guilty plea and PCRA hearings, we agree with the PCRA court's determination that that Appellant's guilty plea was knowing, voluntary, and intelligent. There is no support for Appellant's claim that plea counsel improperly induced him into pleading guilty by promising him an SIP sentence. Accordingly, we conclude that Appellant's ineffective of assistance of counsel claim lacks arguable merit and that the PCRA court did not err in dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2018