J-S61042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
FRANK THOMPSON :
:
Appellant : No. 3342 EDA 2017

Appeal from the PCRA Order September 18, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007877-2014

BEFORE: BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J. **Filed March 19, 2019**

Appellant, Frank Thompson, challenges the order entered in the Philadelphia County Court of Common Pleas, dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. An officer spotted Appellant with a handgun outside of a McDonald's restaurant in Philadelphia, and attempted to stop him. Rather than surrender, Appellant led the officer and several backup units on a car chase throughout the city, causing an accident when he accelerated through a red light. The chase ended when Appellant deserted his still-moving vehicle and endeavored to flee on foot.

Appellant entered a negotiated guilty plea to illegal possession of a firearm. During the colloquy, the court noted that Appellant's conviction would

result in a violation of his parole, which Appellant acknowledged. The court then sentenced Appellant to three to six years' incarceration. The court ordered Appellant be given credit for time served.

Appellant did not file a direct appeal. Instead, he filed a timely *pro se* PCRA petition, alleging his guilty plea had been unlawfully induced. Appellant claimed part of his plea bargain with the Commonwealth included making his effective date of sentence the same date as his arrest, June 6, 2014, so he would have nearly two years of time credit applied to his sentence. Appellant asserted his time credit instead applied to his parole violation. He concluded the PCRA court should permit him to withdraw his guilty plea.

The PCRA court appointed counsel, who filed an amended PCRA petition. The court filed notice of its intent to dismiss Appellant's petition without a hearing, pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response. Thereafter, the PCRA court dismissed Appellant's petition. He timely filed a *pro se* notice of appeal.

This Court remanded the case to the PCRA court, after observing that Appellant's counsel had not been forwarded Appellant's *pro se* notice of appeal, or granted permission to withdraw. The PCRA court granted counsel's motion to withdraw due to counsel's retirement, and appointed new counsel to represent Appellant on appeal. This appeal is now properly before us.

Appellant presents a single issue on appeal: whether his "plea of guilty [was] unlawfully induced when he was promised that he would receive credit for time served from the date of his arrest through the date of his sentencing

– a period of more than one year and nine months – where such credit is prohibited by two statutes?" Appellant's Brief, at 2.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). On questions of law, our scope of review is *de novo*. ***See id***.

The PCRA specifically provides relief for a petitioner able to prove his plea was "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty *and the petitioner is innocent*." 42 Pa.C.S.A. § 9543(a)(2)(iii) (emphasis added). The PCRA also provides relief in situations where the petitioner can demonstrate plea counsel was ineffective in his representation. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(ii); ***see also Commonwealth v. Descardes***, 136 A.3d 493, 501 (Pa. 2016) ("It is equally well established that Appellee's claim of ineffective assistance of plea counsel … was cognizable under the PCRA").

Appellant does not claim innocence. Nor does he allege trial counsel was ineffective in his representation. Instead, he contests only the knowing, intelligent, and voluntary nature of his plea, given that his credit time was allocated to his parole violation sentence.

A claim that his plea was unknowing, involuntary, or unintelligently made could have been raised on direct appeal. ***See Commonwealth v. Rachak***, 62 A.3d 389, 391 (Pa. Super. 2012) (holding challenges to the

voluntariness of a plea should be raised on direct appeal). Therefore, this issue is waived. *See* 42 Pa.C.S.A. § 9544(b).

However, even if we understood this argument to be properly couched in terms of trial counsel's ineffectiveness, as in the cases to which Appellant cites, it is nevertheless without merit.

Ineffective assistance of counsel claims arising from the plea-bargaining process are cognizable for purposes of PCRA review. *See Descardes*, 136 A.3d at 501. In order to establish counsel's ineffectiveness, a petitioner must prove: the underlying claim has arguable merit; no reasonable basis existed for counsel's action or inaction; and the petitioner suffered prejudice as a result of counsel's errors, calculated by whether there exists a reasonable probability the result would have been different. *See Commonwealth v. VanDivner*, 178 A.3d 108, 114 (Pa. 2018).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Anderson*, 995 A.2d 1184, 1192 (Pa. Super. 2010) (citation omitted). "[T]he law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." *Id*. (citation omitted).

If a new state sentence is imposed on a defendant already serving a state parole term, the defendant must serve out the previously imposed

sentence before he serves the new term. ***See*** 61 Pa.C.S.A. § 6138(a)(5)(i). "In other words, where a state parolee gets a new state sentence, he must serve his backtime first before commencement of the new state sentence." ***Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citation omitted).

In ***Kelley***, the appellant was already on parole when he entered a negotiated guilty plea for a state sentence, with the explicit term that it would be effective from the date of his initial incarceration. All of Kelley's credit time, from the date of incarceration until the date of sentencing, would therefore be applied to his sentence under the agreement. Instead, the credit time was applied to Kelley's state parole violation sentence, in accordance with 61 Pa.C.S.A. § 6138(a)(5)(i). In his PCRA petition, Kelley claimed counsel was ineffective for negotiating a plea bargain that could not be enforced. A panel of this Court agreed, stating Kelley "entered into an agreement with the Commonwealth to plead guilty *in exchange for a definite sentence with a specific start date*." ***Kelley***, 136 A.3d at 1014.

Here, Appellant was on state parole at the time he entered his plea and was given another state sentence on the new charges. However, Appellant is unable to point to anything in the record to show his plea contained *any* negotiated terms related to his parole violation. Indeed, the only mentions in the record of his parole violation or credit time occurs in the sentencing transcripts are as follows:

[Sentencing court]: Are you presently on probation or parole?

[Appellant]: No probation, just parole.

[Sentencing court]: Just parole?

[Appellant]: Yes.

[Sentencing court]: And so this is a violation.

[Appellant's counsel]: Yes.

[Sentencing court]: And understanding that this conviction will constitute a violation of your parole, does that change your mind about your decision to plead guilty today?

[Appellant]: No.

N.T. Sentencing, 3/31/16, at 11.

[Sentencing court]: Anything else?

[Appellant's counsel]: Just if I could, [Appellant] has been in since June 5th of 2014. We're asking for credit for time served.

[Sentencing court]: Credit for time served.

*Id*., at 17.

The sentencing order imposes a sentence of three to six years' incarceration, and provides "Credit for time served: Credit to be calculated by the PA Dept of Corrections." Sentencing Order, entered 3/31/16, at 1. Appellant was thereafter awarded credit time of 48 days applied to the instant sentence, and an additional 616 days of credit time applied to his state parole sentence.

The PCRA court observed:

[Appellant] does not dispute that he received credit for all the time he spent in custody. Rather, he complains of how that credit is allocated. *See* Supplemental Memorandum, 8/16/17, pp. 1-2.

[Appellant] cannot have his time credit allocated away from a backtime sentence he was serving to a pre-trial matter in which he was on bail. Moreover, his claim that the State Parole Board would have granted him an earlier parole on the violation, had the time credit been allocated to the instant case, with a net result of a shorter cumulative period of incarceration, is purely speculative. Finally, we note that the case relied upon by [Appellant], **Commonwealth v. Kelley**, 136 A.3d 1007 (Pa. Super. 2016), stands for a proposition precisely opposite to that for which [Appellant] offers it: Any agreement which would have had the effect of crediting [Appellant's] time in state custody prior to adjudication of his new case, would have resulted in an illegal sentence, in violation of the Parole Act's requirement that the backtime must be served before the new sentence. **Id**. at 1013-1014.

PCRA Court Order, filed 9/19/17, at 2.

We agree. Appellant *did* receive credit for the time he was incarcerated, applied to his state parole sentence. Appellant was not given an effective date of sentence – an accommodation wholly different than the receipt of credit time – beginning at the same time as his incarceration, as this would have violated the Parole Act.

Nothing Appellant points to in the record shows the application of credit time in an arrangement contradictory to the Parole Act's requirements was even contemplated, much less a key element of his guilty plea. And, he indicates no other basis to show his plea was not knowingly, voluntarily, or intelligently made. Accordingly, we affirm the PCRA court's order dismissing his petition for relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/19/2019