J-S66028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC LONG | : | |
| | : | |
| Appellant | : | No. 721 EDA 2018 |

Appeal from the PCRA Order February 22, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001458-2011

BEFORE:  GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 04, 2019**

Eric Long appeals from the order entered February 22, 2018 dismissing his first petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. Upon careful review, we reverse and remand for further proceedings.

The relevant facts and procedural history are as follows. On January 19, 2011, Appellant was arrested and charged with Robbery,[1] Burglary,[2] and related offenses. At the time of his arrest, Appellant was on state parole. On July 3, 2012, in exchange for the Commonwealth's agreement to drop all other charges and run the sentences concurrently with each other and with his sentence for violating his parole (his "backtime"), Appellant pled guilty to one

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[2] 18 Pa.C.S.A. § 3502(a).

count each of robbery and burglary. The trial court imposed the negotiated sentence of eight to seventeen years' imprisonment. Appellant did not file a direct appeal.

Instead, he filed a timely *pro se* PCRA petition, alleging, *inter alia*,[3] that the Parole Board refused to run his backtime sentence concurrent to Appellant's new sentences. Instead, the Parole Board determined that Appellant would not begin serving his new sentences until April of 2015, when Appellant was eligible for reparole. **See** Notice of Board Decision, 10/24/12. Therefore, Appellant asserted he did not receive the benefit of the bargain in his deal with the Commonwealth because he did not receive proper time credit on his new sentences for time served. The PCRA court appointed counsel, who filed several amendments[4] to Appellant's PCRA petition.

On October 5, 2017, the PCRA court granted Appellant's petition, in part, by ordering Appellant receive time credit from the date of sentencing, July 3, 2012 to April 2, 2015. However, after an evidentiary hearing, the PCRA court determined that because guilty plea counsel informed Appellant that the Parole Board may refuse to run Appellant's new sentences concurrently with

---

[3] Through his petition, Appellant also claimed his right to a speedy trial was violated, the witness identification process was unduly suggestive, that his guilty plea was unlawfully induced, and that guilty plea counsel was ineffective for failing to preserve these arguments on appeal. **See** Appellant's PCRA Petition, 12/10/12, at 4-30. However, we need not reach these arguments as Appellant has abandoned these claims on appeal.

[4] Appellant's petition was amended, and/or supplemented, on May 2, 2014, February 10, 2016, June 14, 2017, and September 11, 2017.

his backtime, he was not entitled to time credit from the date of his arrest, January 19, 2011, to the date of sentencing. Therefore, the PCRA court dismissed the remainder of Appellant's petition as meritless on February 22, 2018. This timely appeal follows.

On appeal, Appellant raises one issue:

I.      Did the trial court err in denying [A]ppellant credit for time served on his sentence from the date of his arrest to the date of his sentence because this is what the parties agreed to and what the trial court approved in the negotiated guilty plea?

Appellant's Brief, at 2.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). On questions of law, our scope of review is *de novo*. **See id**.

Appellant contends he is entitled to post-conviction relief because the denial of proper time credit towards his new sentences deprived him of the benefit of the bargain. As Appellant contends that the denial of time credit results in an illegal sentence, he asserts he is entitled to PCRA relief. **See** 42 Pa.C.S.A. § 9542 (specifically providing a route for "persons serving illegal sentences [to] obtain collateral relief"). We need not address these arguments as we conclude Appellant's sentence is illegal on a different basis.

- 3 -

Generally, "this Court … may not reverse, modify, or vacate an order or judgment of sentence for a reason not raised by the parties." **Commonwealth v. Butler**, 173 A.3d 1212, 1214 (Pa. Super. 2017) (citation omitted). However, a challenge to the legality of sentence may be raised by this Court *sua sponte*. **See Commonwealth v. Orellana**, 86 A.3d 877, 882 n. 7 (Pa. Super. 2014) (citation omitted).

> A challenge to the legality of sentence … may be entertained as long as the reviewing court has jurisdiction. It is also well established that if no statutory authority exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Issues relating to the legality of a sentence are questions of law… Our standard of review over such questions is *de novo* and our scope of review is plenary.

**Commonwealth v. Wolfe**, 106 A.3d 800, 801-802 (Pa. Super. 2014) (internal citations, brackets, and quotation marks omitted).

We have jurisdiction to review Appellant's sentence, as he filed his PCRA petition less than one year after the sentence was imposed. **See** 42 Pa.C.S.A. § 9545(b)(1). Further, we conclude the sentence violates the Parole Act, 61 Pa.C.S.A. §§ 6101-6153.

Section 6138(5) of the Parole Act states, in relevant part,

> § 6138. Violation of terms of parole

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

> (i)      If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S.A. § 6138(5)(i).

"In other words, where a state parolee gets a new state sentence, he must serve his backtime first before commencement of the new state sentence." **Commonwealth v. Kelley**, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citation omitted). Therefore, any attempt to impose a new state sentence concurrent with a parolee's backtime on the original sentence is an illegal sentence. **See id**. (citation omitted).

Here, Appellant entered into an agreement with the Commonwealth to plead guilty in exchange for sentences concurrent to each other *and to his state parole sentence*. The trial court imposed this sentence as requested. However, this sentence is illegal. **See** 61 Pa.C.S.A. § 6138(a)(5)(i); **see also Kelley**, 136 A.3d at 1013 (citation omitted). Further, the PCRA court erred in failing to recognize the nature of Appellant's illegal sentence and grant him an opportunity for relief.[5] As such, we reverse the order denying PCRA relief, vacate the illegal judgment of sentence, and remand for further proceedings.

Order reversed; case remanded for further proceedings. Jurisdiction relinquished.

---

[5] While the PCRA court did grant Appellant relief in ordering time credit on his new sentences from July 3, 2012 to April 2, 2015, this order was improper as it exacerbated the sentencing order's violation of the Parole Act. **See** 61 Pa.C.S.A. § 6138(a)(5)(i). As in **Kelley**, Appellant is not entitled to specific performance of his plea agreement. **See Kelley,** 136 A.3d at 1014.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/4/19