J-S45040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IBRAHIM S. BAH | : | |
| | : | |
| Appellant | : | No. 3510 EDA 2018 |

Appeal from the PCRA Order Entered November 2, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0004992-2012

BEFORE:  BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED AUGUST 23, 2019**

Ibrahim S. Bah (Bah) appeals from the November 2, 2018 order of the Court of Common Pleas of Bucks County (PCRA Court) denying, without a hearing, his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After review, we affirm.

**I**.

**A.**

Bah was involved in a criminal conspiracy that involved stealing luxury cars from dealerships in New Jersey, Delaware and Southeastern Pennsylvania (including  Bucks  County)  and  then  shipping  them  to  buyers  in  Africa.

---

[*] Retired Senior Judge assigned to the Superior Court.

Following a multicounty grand jury investigation, Bah was charged with various offenses in Bucks County related to the theft of four of the cars.

In July 2013, a jury convicted him of one count of Conspiracy to Receive Stolen Property and four counts each of Receiving Stolen Property and Unauthorized Use of Automobiles.[1]  The trial court imposed an aggregate sentence of four to eight years' imprisonment followed by seven years of probation.  We affirmed the judgment of sentence, *see Commonwealth v. Bah*, 2014 WL 10918075, No. 2826 EDA 2013 (Pa. Super. filed June 23, 2014) (unpublished memorandum), and our Supreme Court denied his petition for allowance of appeal.  *See Commonwealth v. Bah*, 104 A.3d 523 (Pa. 2014).

**B.**

Bah retained private counsel and in July 2015, filed a counseled PCRA petition raising a single ineffective assistance of counsel claim based on trial counsel's failure to file a post-sentence motion challenging the weight of the evidence.  For reasons unclear in the record, there was no activity on the petition until August 2016 when the PCRA Court denied the petition without

---

[1] 18 Pa.C.S. §§ 903(c), 3925(a), and 3928, respectively.  Because the thefts involved automobiles, the Conspiracy and Receiving Stolen Property counts were graded as third-degree felonies.  *See* 18 Pa.C.S. § 3903(a.1).  The criminal information also refers to conspiracy to commit receiving stolen property; however, the jury was also instructed on conspiracy to commit unauthorized use of a motor vehicle and returned a guilty verdict as to each crime.

hearing. Before the denial, the PCRA Court did not issue a 20-day notice of intent to dismiss as required by Pa.R.Crim.P. 907 but, in its order, the PCRA Court stated that Bah had waived his evidentiary hearing.

Bah filed a *pro se* notice of appeal.[2] In February 2017, this Court allowed Bah's counsel to withdraw and directed the PCRA Court to determine if Bah should be appointed new PCRA counsel, which it did. Court-appointed counsel filed a Pa.R.A.P. 1925(b) statement alleging the PCRA Court erred in dismissing Bah's petition without first issuing a Rule 907 notice. In its subsequent Pa.R.A.P. 1925(a) opinion, the PCRA Court responded that any error caused by the lack of Rule 907 notice could be cured by a remand. **See** Trial Court Opinion, 10/16/17, at 2-3. Accordingly, in March 2018, court-appointed counsel applied for remand and this Court issued a rule to show cause order on the PCRA Court as to why the case should not be remanded. The PCRA Court responded that it did not oppose remand and, in May 2018, this Court issued a *per curiam* order vacating the PCRA Court's denial of Bah's petition and remanding for "further proceedings in accordance with Pa.R.Crim.P. 907.".

---

[2] This Court is required to docket a *pro se* notice of appeal despite the appellant being represented by counsel. **See Commonwealth v. Williams**, 151 A.3d 621 (Pa. Super. 2016).

**C.**

On remand, PCRA counsel filed a request to withdraw along with a ***Turner/Finley*** no-merit letter.[3] In the letter, PCRA counsel reviewed the merits of Bah's claim that trial counsel was ineffective for not raising a weight of the evidence claim. In addition, counsel reviewed a claim by Bah alleging that trial counsel ineffectively failed to challenge venue in Bucks County. The PCRA Court granted withdrawal and issued a Rule 907 notice of its intent to dismiss Bah's petition without hearing, stating that it had reviewed counsel's no-merit letter and that Bah had 20 days to respond.

Bah responded by contending that PCRA counsel was ineffective for not raising trial counsel's failure to challenge not only venue but also the admission at trial of other crimes evidence. After receiving his response, the PCRA Court denied Bah's petition without hearing in a November 2, 2018 order. Bah filed another *pro se* notice of appeal. The PCRA Court authored another Pa.R.A.P. 1925(a) opinion addressing the merits of Bah's additional claims raised in his response.[4]

---

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), respectively.

[4] The PCRA Court did not order Bah to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

## II.

In his appeal, Bah contends that trial counsel was ineffective for not raising a challenge to the weight of the evidence; not raising a challenge to venue; and not raising a challenge to alleged "other crimes" evidence.[5] "The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth v. Kelley*, 136 A.3d 1007, 1012 (Pa. Super. 2016) (quoting *Commonwealth v. Pierce*, 645 A.2d 189, 194 (Pa. 1994)). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Id*. (quoting *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa. Super. 2004)).

## A.

In his first issue, Bah alleges the PCRA Court erred in denying his claim that his trial counsel was ineffective for not filing a post-sentence motion for new trial based on the jury's verdict being against the weight of the evidence. As the Commonwealth observes, Bah's argument focuses on the fact that three of his co-conspirators testified against him and their testimony was not credible based on their cooperation with the Commonwealth. In addition, Bah

---

[5] "Our standard or review in PCRA appeals is limited to determining whether the findings of the PCRA court are support by the record and free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 319 (Pa. 2014) (quoting *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009)).

highlights inconsistencies in their testimony and that the police did not directly observe him participate in some of the crimes for which they conducted surveillance.

We agree with the PCRA Court that Bah's trial counsel was not ineffective for failing to file a post-trial motion raising a weight of the evidence claim. As our Supreme Court stated in **Commonwealth v. Blakeney**, 946 A.2d 645, 652–53 (Pa. 2008) (citations omitted):

> A verdict is against the weight of the evidence "only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice." A weight of the evidence claim is primarily directed to the discretion of the judge who presided at trial, who only possesses "narrow authority" to upset a jury verdict on a weight of the evidence claim. Assessing the credibility of witnesses at trial is within the sole discretion of the fact-finder. A trial judge cannot grant a new trial merely because of some conflict in testimony or because the judge would reach a different conclusion on the same facts, but should only do so in extraordinary circumstances, "when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail."

Moreover, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" **Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013) (citation omitted). We review the exercise of discretion by the trial court finding regarding weight of the evidence "not ... the underlying question of whether the verdict is against the weight of the evidence." **Id.** (citation omitted).

In this case, as the PCRA court noted, while the police did not directly observe Bah's participation at times, Bah was implicated in the theft ring by multiple co-conspirators, whose testimony was corroborated by police surveillance showing him with those individuals arriving and leaving shipping warehouses to arrange for transportation of stolen vehicles via containers in which the stolen cars were recovered. He also purchased two stolen vehicles as part of his role in the theft operation and paid an individual for a container to transport a stolen vehicle. Moreover, the jury was free to determine the credibility and weight of the co-conspirators' testimony regarding Bah's involvement in the criminal conspiracy.

Because the PCRA Court did not abuse its discretion in finding that the jury verdict did not shock one's sense of justice, it properly found that counsel was not ineffective for not raising the weight of the evidence in a post-trial motion.

**B.**

Next, Bah claims that his trial counsel was ineffective for not challenging Bucks County as the venue of his trial. Bah raised this issue in his direct appeal but we found it waived because no post-sentence motion was filed. Nonetheless, we went on to add that Bah's venue claim lacked merit because his case involved a multicounty investigating grand jury and the supervising judge of the grand jury selected Bucks County as venue. *See* 42 Pa.C.S. § 4551(d) ("In any case where a multicounty investigating grand jury returns a

presentment the supervising judge shall select the county for conducting the trial from among those counties having jurisdiction."). Because one of the cars was stolen from a dealership in Bucks County, Bucks County had jurisdiction over all of the crimes that occurred in furtherance of the conspiracy. *See Commonwealth v. Fithian*, 961 A.2d 66, 78 (Pa. 2008) ("[A] prosecution for criminal conspiracy may be brought in any county … where an overt act was committed by any of the conspirators in furtherance of the unlawful combination") (citation omitted). Again, Bah's trial counsel was not ineffective for failing to raise a claim that lacked merit.

## C.

In his final claim, Bah alleges that his trial counsel was ineffective for failing to object during trial to evidence admitted to show his involvement in the theft of other cars in the criminal conspiracy for which he was not charged. Bah contends that this evidence constituted inadmissible Pa.R.E. 404(b)[6]

---

[6] Pa.R.E. 404(b) titled "Crimes, Wrongs or Other Acts" provides:

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

other crimes evidence that, but for its admission, there is a reasonable probability the outcome of the proceeding would have been different.

However, as the Commonwealth posits, while there was evidence admitted concerning the theft of two other cars as part of the criminal conspiracy, this evidence was not admitted to **suggest that Bah personally stole the two cars** but for the purpose of demonstrating how the criminal conspiracy operated of which Bah was part. Because the challenged evidence was not evidence of an unrelated crime, it is not subject to preclusion under Pa.R.E. 404(b). In any event, the evidence did not constitute other crimes evidence that was being admitted for the improper purpose of proving that Bah committed uncharged crimes and had a propensity to commit crime, but instead was admitted under **Pa.R.E. 404(b)(2)** for the permissible purpose of demonstrating the *modus operandi* of the conspiracy of which he was part. As a result, because the underlying claim lacks merit, trial counsel was not ineffective for failing to object to the evidence at trial.

Order affirmed.

---

(3) Notice in a Criminal Case. In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 8/23/2019*