J-S58040-15

2016 PA Super 64

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JASON ROBERT KELLEY | |
| Appellant | No. 1245 MDA 2014 |

Appeal from the PCRA Order July 9, 2014
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000644-2013

BEFORE:  GANTMAN, P.J., OLSON, J., and PLATT, J.*

OPINION BY GANTMAN, P.J.:                    **FILED MARCH 15, 2016**

Appellant, Jason Robert Kelley, appeals from the order entered in the Adams County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  We reverse and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. The certified record reveals that Appellant gave his son, who was under the age of eighteen, counterfeit currency to purchase ride tickets at a high school carnival and receive genuine currency as change.  Carnival workers caught Appellant passing the counterfeit $20 bills, which all had the same serial number.  When handled, the carnival workers could tell the bills were counterfeit.  The carnival workers identified Appellant as the person with the

_____

*Retired Senior Judge assigned to the Superior Court.

juvenile who was passing the fake $20 bills. When the police attempted to speak with Appellant, he waved them off and fled. The police chased Appellant across several streets which had high speed traffic. Appellant jumped a fence, and the police eventually caught him in a yard. Along the route of Appellant's flight, the police recovered $300.00 of additional counterfeit bills with the same serial number and denomination as well as a hat and sweatshirt. A total of $140.00 worth of fake $20 bills with the same serial number had been passed at the carnival. When Appellant was apprehended, he resisted arrest in a manner that created a substantial risk of bodily injury to the police who had to use and required significant force to overcome the resistance. (*See* N.T. Plea/Sentencing Hearing, 9/23/13, at 4-5.) The June 12, 2013 incident occurred while Appellant was on state parole from a state sentence.

> On June 12, 2013, [he] was arrested and charged with (1) forgery;[1] (2) flight to avoid apprehension;[2] (3) corruption of minors;[3] and (4) resisting arrest or other law enforcement.[4] On September 23, 2013, [Appellant] pled guilty by agreement to forgery, corruption of minors, and resisting arrest or other law enforcement. Pursuant to the terms of the plea agreement, [Appellant] received a sentence of 21 to 60 months imprisonment on the forgery and corruption of minors charges and 12 to 24 months on the count of resisting arrest. All sentences were to run concurrently to one another. As agreed, this [c]ourt designated the effective date of the sentence as June 12, 2013.
>
> [1] 18 Pa.C.S. § 4101(a)(3).
> [2] 18 Pa.C.S. § 5126(a).
> [3] 18 Pa.C.S. § 6301(a)(1)(i).

⁴ 18 Pa.C.S. § 5104.

[Appellant] did not file post-sentence motions and did not file a direct appeal.  On February 12, 2014, [Appellant] filed a *pro se* Motion for Post-Conviction Collateral Relief.  A pre-hearing conference was held on [Appellant's] motion on March 24, 2014.  On April 2, 2014, [Appellant] filed an Amended PCRA Petition through his attorney.  The Amended PCRA Petition raises the following issues: (1) ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place; (2) a plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent; (3) a violation of the provisions of the constitution, law or treaties of the United States which would require the granting of federal *habeas corpus* relief to a state prisoner.  A PCRA hearing was held before this [c]ourt on June 16, 2014).

(PCRA Court Opinion, dated July 9, 2014 at 1-2) (internal footnote 5 omitted).  Appellant's amended petition and argument, at the hearing, included solid specifics to support his allegations of illegal sentence and plea counsel's ineffectiveness for negotiating the sentence imposed.  The court denied relief on July 9, 2014.  Appellant timely filed a notice of appeal on July 24, 2014.  On July 28, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal, and Appellant timely complied on August 5, 2014.

Appellant raises these issue on appeal:

DID THE PCRA COURT ERR[] IN DENYING [APPELLANT'S] PCRA CLAIM THAT HE DID NOT RECEIVE THE BENEFIT OF HIS BARGAIN, WHEN BOTH THE DISTRICT ATTORNEY AND [APPELLANT'S] PLEA COUNSEL WERE AWARE OF THE PAROLE SENTENCE, AND AGREED TO A CONCURRENT

SENTENCE IN EXCHANGE FOR [APPELLANT'S] GUILTY PLEA?

DID THE PCRA COURT ERR[] IN DETERMINING THAT [APPELLANT'S] ATTORNEY WAS NOT INEFFECTIVE WHEN, PLEA COUNSEL ADVISED [APPELLANT] THAT HE WOULD BE ABLE TO SERVE A CONCURRENT SENTENCE IN EXCHANGE FOR HIS GUILTY PLEA?

DID THE PCRA COURT ERR[] IN DETERMINING THAT THE UNDERLYING SENTENCE OF SEPTEMBER 23, [2013], WAS NOT AN ILLEGAL SENTENCE?

(Appellant's Brief at 4).

In his issues combined Appellant argues he entered a negotiated guilty plea in exchange for a sentence of 21 to 60 months of state incarceration, with an effective date of June 12, 2013, the date he was arrested. The Court accepted his plea and imposed the negotiated sentence with the June 12, 2013 effective date. Appellant claims all parties and the court knew that, at the time of his offense, plea and sentencing, he was on state parole. Appellant also avers the agreement was clear as to the effective date of the new sentence. Appellant states he did not file any motion to withdraw his plea or a direct appeal, because the court imposed the sentence as expected; and he was in total agreement with it. While incarcerated Appellant subsequently learned that the effective date of his new sentence was not June 12, 2013, but April 28, 2015. When he was informed of the discrepancy, he filed a petition to enforce the plea bargain, claiming the sentence was not implemented as agreed. Appellant asked for the benefit of his bargain, *i.e.*, specific performance. Appellant insists the court would not

allow argument on his benefit-of-the-bargain claim. Appellant submits his plea counsel was ineffective for negotiating a plea bargain that could not be enforced, given 61 Pa.C.S.A. § 6138(a)(5)(i), which provides: "If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases: (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution." Appellant complains he was enticed to enter a guilty plea based on the promise of a sentence that, while imposed, was illegal per statute and incapable of implementation. Counsel had no rational basis for failing to object to the sentence or negotiating a plea bargain that could not be implemented. Appellant reasons counsel's error was prejudicial as it led to a plea that was fundamentally unknowing, involuntary, and unintelligent and actually added two years' time to his sentence. Appellant contends the sentence he received per the plea bargain was actually illegal as the court had no jurisdiction to impose it. Appellant concludes he is entitled to some relief.[1]

_____

[1] To the extent the Commonwealth argues, or the court suggests, Appellant waived his claims, we reject those contentions. The terms of the plea agreement/sentence were negotiated, but if the negotiated sentence allegedly cannot be implemented because it is illegal, the issue is properly before us. From the character of his legal filings subsequent to the plea/sentencing, Appellant would have made another plea decision in light of the information he was denied at the time of his plea and sentencing.

We agree.

"In reviewing the propriety of the PCRA court's denial of a petition for relief, we are limited to determining whether the record supports the court's findings, and whether the order is otherwise free of legal error." **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa.Super. 2001). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." **Id.** We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa.Super. 2012).

The law presumes counsel has rendered effective assistance. **Commonwealth v. Gonzalez**, 858 A.2d 1219, 1222 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). "An evaluation of counsel's performance is highly deferential, and the reasonableness of counsel's decisions cannot be based upon the distorting effects of hindsight." **Commonwealth v. Saranchak**, 581 Pa. 490, 510-11, 866 A.2d 292, 304 (2005). When asserting a claim of ineffective assistance of counsel, Appellant is required to make the following showing: (1) that the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. **Commonwealth v. Kimball**, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness

will cause the claim to fail. *Gonzalez, supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective. If we determine that there was no reasonable basis for counsel's chosen course then the accused must demonstrate that counsel's ineffectiveness worked to his prejudice.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

Ineffective assistance of counsel claims arising from the plea-bargaining process are eligible for PCRA review. *Commonwealth ex rel. Dadario v. Goldberg*, 65 Pa. 280, 773 A.2d 126 (2001) (holding all constitutionally recognized claims of ineffective assistance are cognizable under PCRA). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (quoting *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa.Super. 2002)). "Where the defendant

enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Moser, supra***.

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, …under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

***Commonwealth v. Morrison***, 878 A.2d 102, 105 (Pa.Super. 2005) (*en banc*), *appeal denied*, 585 Pa. 688, 887 A.2d 1241 (2005) (internal citations omitted).

A valid guilty plea must be knowingly, voluntarily and intelligently entered. ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa.Super. 2003). The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. ***Commonwealth v. Hodges***, 789 A.2d 764 (Pa.Super. 2002) (citing Pa.R.Crim.P. 590). Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the

terms of the agreement unless the court accepts the agreement. *Commonwealth v. G. Watson*, 835 A.2d 786 (Pa.Super. 2003). This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. *Commonwealth v. Muhammad*, 794 A.2d 378, 383-84 (Pa.Super. 2002).

"If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Commonwealth v. I. Watson*, 945 A.2d 174, 178-79 (Pa.Super. 2008) (quoting *Commonwealth v. Leverette*, 911 A.2d 998, 1001-02 (Pa.Super. 2006)). Section 6138 of the Parole Act states in pertinent part:

### § 6138. Violation of terms of parole

\* \* \*

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S.A. § 6138(a)(5)(i). In other words, where a state parolee gets a new state sentence, he must serve his backtime first before commencement of the new state sentence. *Id.* Imposition of a new state sentence concurrent with parolee's backtime on the original state sentence is an illegal sentence under this statute. *Lawrence v. Pennsylvania Dept. of*

***Corrections***, 941 A.2d 70 (Pa.Cmwlth. 2007) (holding state parolee could not serve his new state sentence before he satisfied his original state sentence; imposition of new sentence essentially concurrent with backtime service violates Parole Act and is illegal). Mandamus is unavailable to compel performance of an illegal sentencing order. ***Id.***

Instantly, Appellant entered into an agreement with the Commonwealth to plead guilty in exchange for a definite sentence with a specific start date. At the time of the plea bargain, the state had already decided to recommit Appellant to serve the backtime he owed on his original state parole sentence. Nevertheless, counsel negotiated the plea bargain on Appellant's behalf with an effective start date of June 12, 2013, the date he was arrested for his new offenses. Nothing in the record indicates counsel advised Appellant of the statutory sequence for serving his old and new sentences. Moreover, neither the Commonwealth nor the court advised Appellant that his negotiated sentence could not be honored as stated or imposed. Appellant entered his plea on the advice of plea counsel whose knowledge of the Parole Act was deficient and fell below the range of competence demanded of attorneys in criminal cases. ***See Moser, supra***. Therefore, we are compelled to conclude that Appellant's decision to plead guilty was not knowing, voluntary and intelligent. ***See id.***; ***Pollard, supra***. The sentence imposed was illegal because it violated the Parole Act. ***See*** 61 Pa.C.S.A. § 6138(a)(5)(i); ***Lawrence, supra***. Thus, plea counsel was

ineffective for advising Appellant to accept a plea bargain that called for an illegal sentence. *See, e.g., Commonwealth v. Barndt*, 74 A.3d 185 (Pa.Super. 2013) (holding allegation of inaccurate information communicated to defendant, regarding state backtime to be served as result of new guilty plea, met all three prongs of test for ineffective assistance of counsel). Here, Appellant received no information regarding the statutory sequence for serving his old and new state sentences. Likewise, the PCRA court erred in failing to comprehend the nature of Appellant's illegal sentence and grant him some opportunity for relief; however, specific performance is unavailable. *See Lawrence, supra*. *See also I. Watson, supra*. Accordingly, we reverse the order denying PCRA relief, vacate the judgment of sentence because it was illegal as imposed, and remand for further proceedings.

Order reversed; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/15/2016

- 11 -