J-S73005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA MICHA GIANQUITTO | : | |
| | : | No. 849 MDA 2017 |
| Appellant | | |

Appeal from the PCRA Order May 8, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003139-2015

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER*, J.

DISSENTING MEMORANDUM BY OLSON, J.:         **FILED MARCH 23, 2018**

As I am unable to agree with my learned colleagues' construction and application of the newly discovered facts exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii), I am compelled to dissent.

Appellant concedes that the instant Post-Conviction Relief Act (PCRA) petition is untimely.  Nevertheless, he asserts, and the Majority agrees, that "finding out that the [Department of Corrections (DOC)] could not implement the sentence imposed by the trial court constituted a newly-discovered fact." **See** Majority Memorandum at 5-7.  The Majority's conclusion is contrary to the statutory language and interpretive case law relating to § 9545(b)(1)(ii).

I briefly recite the statutory provisions that govern this case.

> The PCRA's timeliness requirement is mandatory and jurisdictional in nature and [no] court may [] ignore it in order to reach the merits of the petition.  [**Commonwealth v. Brown**, 943 A.2d

---

\*   Retired Senior Judge assigned to the Superior Court.

264, 267 (Pa. 2008).] A PCRA petition, including a second or subsequent petition, [must] be filed within "one year of the date of the judgment becomes final, unless the petition alleges and the petitioner proves that" one of the following three exceptions applies:

(i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545 (b)(1). A PCRA petition invoking one of the three above exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545 (b)(2).

PCRA Court Opinion, 4/19/17, at 2-3.

Appellant's contention is that the newly discovered fact exception found at § 9545(b)(1)(ii) should apply in this case. Specifically, Appellant claims that he first learned that the sentence he received at docket no. 3139 CR 2015 was illegal under 61 Pa.C.S.A. § 6138(a)(5)(i)[1] when he received his DC16E

---

[1] Section 6138 provides that Appellant's new sentence at docket no. 3139 CR 2015 could not run concurrently with the time he owed on state parole. In relevant part, it states:

status summary on or around September 8, 2016. Appellant's Brief at 12. Appellant relies on the decision of this Court in **Commonwealth v. Kelly**, 136 A.3d 1007 (Pa. Super. 2016) as support for his claim.

Our Supreme Court recently stated that the timeliness exception for newly discovered facts "requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." **Commonwealth v. Chmiel**, 2017 WL 5616233, *5 (Pa. 2017), *quoting*, **Commonwealth v. Lambert**, 884 A.2d 848, 852 (Pa. 2005). The Court further clarified that, "to fall within this exception, the factual predicate of the claim must not be of public record and must not be facts that were previously known but are now presented through a newly discovered source." **Chmiel**, 2017 WL 5616233, *5, *quoting*, **Commonwealth v. Edmiston**, 65 A.3d 339, 352 (Pa. 2013).

Appellant is not entitled to relief under the present circumstances. Two factual components underlie Appellant's current claim. The first is his status as a parolee at the time of sentencing and the second is the application of

---

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S.A. § 6138(a)(5)(i).

§ 6138(5)(i) to the sentence imposed by the trial court. Appellant concedes his awareness of his status as a parolee as of the date the trial court imposed its sentence; hence, this "fact" cannot be considered "newly discovered" on September 8, 2016. The application of § 6138(a)(5)(i) also cannot serve as the basis for relief in this case. Section 6138(a)(5)(i) was in effect at the time Appellant received his sentence, when he was represented by counsel. Thus, its application as a public law was ascertainable through reasonable diligence. See *Commonwealth v. Shiloh*, 170 A.3d 553, 558-559 (Pa. Super. 2017) (presumption that public records cannot serve as newly discovered facts applies where petitioner is represented by counsel). Appellant cannot invoke § 9545(b)(1)(ii) by relying upon facts that were either known to him or ascertainable through due diligence.

*Kelly* does not alter this assessment. In that case, Kelly, who was on state parole, pled guilty to several offenses in exchange for a negotiated sentence, including a specific effective date for his new sentence. *Kelly*, 136 A.3d at 1010. While incarcerated, Kelly learned that the effective date of his new sentence would be nearly two years later because of the application of § 6138(a)(5)(i). *Id.* at 1011. As a result, Kelly filed a **timely** petition for collateral relief alleging that counsel was ineffective for negotiating a plea that was unenforceable and that the sentence he received pursuant to the plea was illegal. *Id.* at 1012. We granted relief on both grounds, finding that counsel's knowledge of the Parole Act was deficient and that the sentence

- 4 -

imposed by the court was unlawful because it violated § 6138(a)(5)(i). *Id.* at 1014.

*Kelly*, in fact, supports my view that Appellant's claim lacks merit. In reviewing Kelly's **timely** petition, we said that plea counsel was ineffective because counsel failed to apply § 6138(a)(5)(i), an existing provision of the Parole Act, to the sentencing circumstances that confronted a known parolee. We also said that the sentence Kelly received was illegal because § 6138(a)(5)(i) placed Kelly's negotiated sentence beyond the power of the trial court to impose. The same circumstances are present in the instant case and Appellant's subsequent discovery does not convert known and/or knowable facts into unknown ones. Put differently, even if Appellant possesses valid claims centered on counsel's ineffectiveness and the illegality of his sentence, he has come forward with no new facts to establish jurisdiction before the PCRA court. *See Commonwealth v. Lesko*, 15 A.3d 345, 367 (Pa. 2011) ("the fact that a petitioner's claims are couched in terms of ineffectiveness will not save an otherwise untimely petition from the application of the time restrictions of the PCRA"); *see also Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto[.]") (citation omitted).

The Majority's effort to shoehorn this case into the newly discovered facts exception found at § 9545(b)(1)(ii) is unpersuasive. The Majority faults the PCRA court for its suggestion that § 6138(a)(5)(i) constitutes the newly

discovered fact. *See* Majority Memorandum at 5. Instead, the Majority cites the DOC's September 8, 2016 sentence status summary as the relevant "new" fact because it informed Appellant of his maximum date. *Id.* In my view, the information conveyed in the document – Appellant's maximum date – is not a "fact" but simply a calculation that relies exclusively on the application of § 6138(a)(5)(i) to a known parolee receiving a sentence. Since all of this baseline information was known or knowable at the time of Appellant's counseled sentencing proceeding, it does not trigger the exception at § 9545(b)(1)(ii). The DOC's September 8, 2016 communication is nothing more than a newly discovered source of known or available facts.

I also cannot agree with the Majority's declaration that the DOC's calculation constituted a newly discovered fact for purposes of § 9545(b)(1)(ii) because "[Appellant] did not know this information"[2] and plea counsel, the district attorney, and the trial court were unaware of the need to consider § 6138(a)(5)(i) in fixing punishment for a known parolee such as Appellant. *See* Majority Memorandum at 6. I am inclined to agree that these regrettable circumstances engender a measure of sympathy for Appellant, particularly since he would be entitled to relief if he had asserted his

---

[2] This is a questionable assertion under the circumstances. Appellant admits that he knew he was on parole at the time of sentencing. Therefore, the only other information he needed to reach the same conclusion as the DOC was the application of § 6138(a)(5)(i), which was clearly in the public domain and ascertainable through reasonable diligence at the time of Appellant's counseled sentencing proceeding.

ineffectiveness and legality of sentence claims in a timely manner. Nevertheless, no amount of misfeasance by bench and bar, nor shock, surprise, disappointment, or dismay on the part of a petitioner, can overcome the clear statutory command that only newly discovered and previously unavailable **facts** trigger the timeliness exception set forth at § 9545(b)(1)(ii). ***See Lesko***, ***supra***.; ***see also Holmes***, ***supra***. Because the Majority effectively treats counsel's ineffectiveness as grounds for invoking the newly discovered facts exception, it is unsurprising there is no case law to support its reading of § 9545(b)(1)(ii).[3]

_____

[3] The Majority relies on **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017) to suggest that Appellant was entitled to a hearing to determine whether he could have discovered § 6138(a)(5)(i) in the prison law library. **See** Majority Memorandum at 6 n.4. **Burton**, however, is distinguishable and has only questionable application under the present circumstances.

Shawn Burton and Melvin Goodwine were tried together in the Court of Common Pleas of Allegheny County. On September 28, 1993, Burton was convicted of first-degree murder and conspiracy and received mandatory life imprisonment; Goodwine was convicted of conspiracy and received five to ten years' incarceration. On May 30, 2013, Burton received a letter from an attorney with the Pennsylvania Innocence Project enclosing an expungement motion filed by Goodwine on July 29, 2009. Goodwine's motion asserted that he committed the killing in self-defense, that he was told not to raise that defense at trial, and that an innocent man had been imprisoned for a crime that he committed. Citing receipt of Goodwine's expungement motion on May 30, 2013, Burton filed a PCRA petition on July 11, 2013 alleging that Goodwine's motion contained newly discovered facts under § 9545(b)(1)(ii). In considering whether Burton acted diligently in the four years that passed between Goodwine's 2009 filing and Burton's 2013 petition for collateral relief, our Supreme Court held that the presumption that public information cannot be deemed unknown for purposes of § 9545(b)(1)(ii) should not be applied to *pro se* incarcerated petitioners. **Burton**, 158 A.3d at 638.

Because Appellant's claims were patently untimely, and not subject to a statutory exception to the PCRA's timeliness requirements, I would hold that the PCRA court correctly dismissed Appellant's petition for lack of jurisdiction. Thus, I respectfully dissent.

---

There are substantial and compelling differences between **Burton** and the present case. Burton argued that the public record presumption should not apply where an incarcerated, *pro se* prisoner failed to act sooner on information that did not exist until 16 years after his conviction and long after he lost the benefit of counsel. In this case, however, there is no dispute that Appellant had the assistance of counsel at his sentencing hearing when all of the facts needed to establish the unenforceability of the negotiated sentence (*i.e.*, Appellant's parole status and § 6138(a)(5)(i)) were known or readily obtainable. In **Burton**, then, the contested issue centered upon whether the petitioner acted diligently in acquiring previously unavailable facts alleged in Goodwine's expungement papers. Here, the dispute focuses on whether DOC's September 8, 2016 communication contained any "new" facts at all, or whether it should simply be viewed as a newly acquired source of known or ascertainable facts. Since I do not believe that DOC conveyed any "new" facts, I would not reach the issue of whether Appellant acted diligently in filing the instant petition.