J-S04032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRY PATTERSON | : | |
| | : | |
| Appellant | : | No. 971 MDA 2020 |

Appeal from the PCRA Order Entered June 24, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0006550-2018

BEFORE: OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 17, 2021**

Terry Patterson ("Patterson") appeals from the Order dismissing his first

Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").

**See** 42 Pa.C.S.A. §§ 9541-9546. We reverse and remand for further

proceedings.

In its Opinion, the PCRA court detailed the relevant factual history as

follows:

> On October 24, 2018, the Lancaster City Bureau of Police Selective
> Enforcement Unit conducted a drug detail operation utilizing an
> undercover officer and an unwitting informant named Melissa
> White [("Ms. White")]. The undercover [officer] met Ms. White in
> person and, while they were together, Ms. White phoned
> [Patterson] to arrange a purchase of $60.00[] worth of crack
> cocaine. Ms. White and [Patterson] agreed to effectuate the sale
> at 147 South Prince Street, Lancaster, Pennsylvania.
>
> Ms. White and the undercover officer arrived at 147 South
> Prince Street at approximately 4:38 in the afternoon. Ms. White
> proceeded to enter a [w]hite Chevrolet Tahoe registered in

Pennsylvania with license plate KRJ[XXXX].  She returned with two clear plastic bags of crack cocaine, which she gave to the undercover officer.  Other officers participating in the drug detail stopped the [w]hite Chevrolet and identified [Patterson] as the driver.  A search of [Patterson's] car yielded approximately 9 grams of crack cocaine and $1[,]460.00 in cash, of which $60.00 could be traced to Ms. White's earlier purchase.  [Patterson] was subsequently charged with the following crimes:  one count of delivery of crack cocaine; one count of possession with intent to deliver crack cocaine; one count of criminal conspiracy; and one count of criminal use of a communication facility.[1] …

PCRA Court Opinion, 9/29/20, at 1-2 (citations to record, footnotes, and some capitalization omitted; footnote added).

On April 10, 2019, Patterson entered a negotiated guilty plea to all four charges.  The trial court sentenced Patterson, pursuant to the plea agreement, to concurrent terms of 15 to 36 months in prison for each of the offenses, with credit for time served.  Further, as Patterson was on state parole when he was charged with the above-mentioned offenses, plea counsel requested that the parole-violation sentence be imposed concurrently with his sentence in the instant case; however, plea counsel acknowledged that any such recommendation would not be binding on the Pennsylvania Board of Probation and Parole ("the Board").  The Commonwealth did not oppose a concurrent parole violation sentence, but reiterated that their agreement on the matter could not bind the Board.  Patterson did not file a direct appeal.

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 903(a)(1), 7512(a).

On May 8, 2019, the Board notified Patterson that he would be recommitted to serve 18 months of backtime for his parole violation.

Patterson, *pro se*, filed the instant, timely PCRA Petition on November 20, 2019. Therein, Patterson alleged, *inter alia*, that his plea counsel was ineffective. On December 17, 2019, Patterson filed a *pro se* Motion to Correct Illegal Aggravated Sentence, attaching thereto a copy of the Board's decision regarding his parole violation recommitment. Patterson argued that the imposition of a consecutive parole-revocation sentence violated his negotiated plea agreement.

The PCRA court appointed Patterson counsel, who filed an Amended PCRA Petition on his behalf. On May 18, 2020, the PCRA court issued a Pa.R.Crim.P. 907 Notice of its intent to dismiss Patterson's PCRA Petition without further proceedings. The PCRA court dismissed Patterson's PCRA Petition on June 24, 2020.[2] Patterson filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Patterson now raises the following issue for our review:

Did the PCRA court err and abuse its discretion in denying PCRA relief without a hearing, thereby finding trial counsel effective, when trial counsel and the Commonwealth negotiated an illegal condition of the plea agreement[,] which affirmatively misled [] Patterson and induced an unknowing, unintelligent, and involuntary plea?

---

[2] The PCRA court filed an Amended Order on June 25, 2020, correcting an error in the language detailing Patterson's appeal rights.

Brief for Appellant at 5.

Patterson claims that the PCRA court erred by denying him a hearing, because there was a material fact at issue, *i.e.*, whether plea counsel understood that section 6138(a)(5)(i) of the Parole Act requires state sentences to be served consecutively to parole backtime. *Id.* at 13. Patterson argues that plea counsel was ineffective for negotiating a condition that the Commonwealth would advise the Board that it does not oppose concurrency between the instant sentence and the parole revocation sentence. *Id.* at 15. Patterson contends that plea counsel affirmatively misled him by advising that his new state sentence could possibly run concurrent with his parole backtime. *Id.* According to Patterson, "it can be presumed that the possibility of concurrency was the tipping point in [] Patterson's decision to forego his right to a trial and plead guilty." *Id.* at 16. Patterson asserts that, because he was never informed that the Board was *required* to run the sentences consecutively, his plea was unknowingly, unintelligently, and involuntarily entered. *Id.* at 18-20. Patterson therefore requests that this Court vacate his guilty plea and sentence, and remand the matter for resentencing. *Id.*

The applicable standards of review regarding the denial of a PCRA petition and ineffectiveness claims are as follows:

> Our standard of review of a PCRA court's [dismissal] of a petition for post[-]conviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free

of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

\* \* \*

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petition pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations

omitted).

Further,

[i]neffective assistance of counsel claims arising from the plea-bargaining process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016)

(citations and quotation marks omitted); *see also Commonwealth v. Fears*,

86 A.3d 795, 807 (Pa. 2014) (stating that "[t]o prove prejudice, [the]

appellant must prove he would not have pled guilty and would have achieved

a better outcome at trial." (citation and quotation marks omitted));

*Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005) (*en*

*banc*) (stating that "the defendant must show that counsel's deficient stewardship resulted in a manifest injustice … by facilitating entry of an unknowing, involuntary, or unintelligent plea." (citations omitted)).

Regarding post-sentence withdrawal of a guilty plea, this Court has stated as follows:

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, … under which the defendant must show that counsel's deficient stewardship resulted in manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea.  This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

**Kelley**, 136 A.3d at 1013 (quoting **Morrison**, 878 A.3d at 105)).

> A valid guilty plea must be knowingly, voluntarily and intelligently entered.  The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea.  Specifically, the court must affirmatively demonstrate the defendant understands:  (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) **the permissible ranges of sentences** and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement.  This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.
>
> If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction.  An illegal sentence must be vacated.  Section 6138 of the Parole Act states[,] in pertinent part[, as follows]:

## § 6138.  Violation of terms of parole

* * *

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S.A. § 6138(a)(5)(i).  In other words, where a state parolee gets a new sentence, he must serve his backtime first before commencement of the new state sentence.  Imposition of a new state sentence concurrent with a parolee's backtime on the original state sentence is an illegal sentence under this statute.

*Id.* at 1013-14 (some citations omitted; emphasis added).

In support of his position, Patterson cites to **Kelley**, wherein this Court vacated a guilty plea entered on the advice of "plea counsel[,] whose knowledge of the Parole Act was deficient and fell below the range of competence demanded of attorneys in criminal cases." **Kelley**, 136 A.3d at 1014.  In **Kelley**, the defendant committed forgery and related offenses while he was on state parole.  *Id.* at 1010.  The defendant entered a negotiated guilty plea, in exchange for definite, concurrent sentences and a specific effective date (*i.e.*, the date of his arrest, and therefore concurrent to any backtime imposed for the parole violation).  *Id.* at 1011.  However, the defendant later learned that the effective date of his new sentence would be approximately two years later than the date he had bargained for, and *after* he had served the backtime on his parole violation.  *Id.*  In the subsequent

- 7 -

appeal, this Court concluded that the negotiated sentence was illegal, because it violated section 6138(a)(5)(i) of the Parole Act. *Id.* at 1014. The *Kelley* Court reasoned that because the defendant had never been advised that his negotiated sentence could not be imposed under the Parole Act, his plea was not knowingly, voluntarily, and intelligently entered. *Id.* This Court concluded that the defendant's plea counsel rendered ineffective assistance in advising the defendant "to accept a plea that called for an illegal sentence." *Id.*

Here, a handwritten notation in Patterson's Written Guilty Plea Colloquy states, "**Prosecutor recommend concurence** [*sic*] w/ state PV/Decision is up to Board" following the question, "Have any promises been made to you to enter this guilty plea other than the terms of the plea agreement?" Written Guilty Plea Colloquy, 4/10/19, at 5 (emphasis added). Further, the following exchange occurred during the guilty plea hearing:

> [Plea Counsel]: The one thing I'd want to add, Your Honor, is that the Commonwealth would agree that his [parole revocation] -- or he **would make a recommendation that the** [**parole revocation**] **hit would be concurrent**. We understand that's not binding on the Board; however, you know, anything positioning him -- or that could help him, we would like to have happen.
>
> ….
>
> [Assistant District Attorney]: Judge, I told [plea counsel], **I don't oppose the Board doing that**. **If the Board wishes to do that**, I don't have any authority, obviously, to bind the Board other than the time credit sentences marked on the part of the plea agreement.
>
> The Court: Nor do I have that authority.

N.T., 4/10/19, at 11-12 (emphasis added).

In its Opinion, the PCRA court concluded that plea counsel's conduct was not affirmatively misleading, stating as follows:

> Instantly, [Patterson] correctly identifies that Pennsylvania law requires a paroled defendant who commits a new crime to serve all time remaining on his paroled charges consecutive to serving a sentence imposed on a new crime. The plea record simply lacks support, however, for the assertion that counsel affirmatively misled [Patterson] about applicable sentencing law. Plea counsel neither assured [Patterson] that he would be eligible to have his parole violation "hit" run concurrent to his new sentence, nor advised [Patterson] that he, the Commonwealth, or th[e trial c]ourt had any power to bind the [] Board to such a recommendation. Plea counsel established a clear record of his knowledge that any recommendation about concurrency was "not binding on the [B]oard."
>
> [Patterson's] written plea confirms that counsel neither assured nor advised him otherwise. [Patterson] acknowledged, in writing, that **all decisions about concurrent or consecutive sentencing decisions are "up to the [B]oard,"** and that he understood his instant charges could be consecutive to the parole violation sentence.
>
> **Plea counsel's mere recommendation of concurrency**, confirmed on the record to be entirely outside the power of all parties involved in the proceedings, does not rise to the level of "affirmatively misleading." …

PCRA Court Opinion, 9/29/20, at 8-9 (footnotes and citation to record omitted; emphasis added).

Though concurrency was a "recommendation" rather than a firmly-negotiated part of Patterson's sentence, our review of the record reveals that Patterson believed that the Board had **discretion** to run the instant sentence concurrent with the backtime for his parole violation. Indeed, the Assistant

District Attorney's statements during the guilty plea hearing suggested that the Board has such discretionary authority. **See** N.T., 4/10/19, at 12 (wherein the Assistant District Attorney indicated that he would not oppose the new sentence being run concurrent with the backtime, and stated, "[i]f the Board wishes to do that…."). However, the Board has no discretion to run a new sentence concurrent with backtime, pursuant to section 6138(a)(5)(i) of the Parole Act. **See** 61 Pa.C.S.A. § 6138(a)(5)(i); **see also Kelley**, 136 A.3d at 1014. The record reflects that plea counsel, as well as the Assistant District Attorney and the trial court, contributed to Patterson's false belief that there was a possibility that his new sentence could run concurrent with the backtime. **See Kelley**, 136 A.3d at 1014 (stating that "neither the Commonwealth nor the court advised [a]ppellant that his negotiated sentence [for backtime concurrency,] could not be honored as stated or imposed."). Thus, we conclude that, under the totality of the circumstances, Patterson did not enter a knowing, voluntary, and intelligent plea. **See id.** at 1013. Because the sentencing recommendation Patterson believed he had bargained for was illegal, he entered his plea "on the advice of plea counsel whose knowledge of the Parole Act was deficient and fell below the range of competence demanded

of attorneys in criminal cases." *Id.*[3]

Based upon the foregoing, we reverse the PCRA court's Order dismissing Patterson's PCRA Petition, vacate the judgment of sentence, and remand to the PCRA court for further proceedings consistent with this memorandum.

Order reversed. Judgment of sentence vacated. Cased remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/17/2021

---

[3] We are additionally cognizant of, and agree with, the reasoning set forth in this Court's recent unpublished Memorandum in *Commonwealth v. Robinson*, 241 A.3d 481 (Pa. Super. 2020) (unpublished memorandum). In *Robinson*, a panel of this Court reversed an Order denying PCRA relief, and concluded that that "plea counsel was ineffective for advising [the defendant] to bargain for and accept a plea deal that called for a recommendation of the imposition of an illegal sentence[,]" where the defendant's negotiated guilty plea included a **recommendation** to the Board that the defendant's sentence run concurrent with his parole backtime; the written plea colloquy indicated that the Commonwealth would not oppose concurrency; and the PCRA court's opinion indicated that the Board had discretion to run the sentences concurrently. *See id.* (unpublished memorandum at 9-11). Specifically, this Court concluded that the defendant's plea was not knowingly, voluntarily, and intelligently entered, because all parties contributed to the defendant's false assumption that his new sentence and backtime could run concurrently, and therefore, he was "neither fully aware of the 'permissible ranges of sentences,' *see* Pa.R.Crim.P. 590 cmt., nor of the 'consequences his plea connoted.'" *Robinson*, 241 A.3d 481 (unpublished memorandum at 9-11).