J-S11021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CYRANO MORRISON | : | |
| | : | |
| Appellant | : | No. 937 WDA 2020 |

Appeal from the PCRA Order Entered August 7, 2020,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0013037-2015.

BEFORE:   STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED:  July 30, 2021**

Cyrano Morrison appeals from the order denying his first timely petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The facts and procedural history may be summarized as follows:  In the early morning hours of August 12, 2015, Morrison's girlfriend, Junique Dobbs ("Dobbs"), drove Morrison to an address in Rankin.  Upon arriving, Morrison exited the car, approached the residence, and shot and killed Donald Jenkins. Morrison then returned to the car and Dobbs drove off.  Following an investigation, which included interviews with an eyewitness to the shooting, the police charged Morrison with criminal homicide and related charges.  That

---

[*] Retired Senior Judge assigned to the Superior Court.

same day, police charged Dobbs with hindering apprehension or prosecution, and obstructing administration of law or other governmental function.

Coincidentally, both Dobbs and Morrison contacted Attorney Milford Raiford to represent them in connection with this matter. Shortly after being released from jail, Dobbs and her mother met with Attorney Raiford and later retained him. Dobbs informed Attorney Raiford about the circumstances of her arrest, including the fact that police were still looking for Morrison. Morrison was later located in Ohio, arrested, and transported to Allegheny County. Then, on September 3, 2015, Morrison's mother retained Attorney Raiford to represent Morrison. Attorney Raiford went to the county prison and met with Morrison for about one-half hour. At Morrison's preliminary hearing the next day, however, Attorney Raiford withdrew his appearance.

On October 11, 2016, the Honorable Philip A. Ignelzi held an evidentiary hearing to determine whether Attorney Raiford could continue to represent Dobbs in connection with the charges she faced, given Attorney Raiford's previous representation and interaction with Morrison. Prior to hearing any testimony, the Commonwealth requested that the court sever the cases against Morrison and Dobbs because it intended "to call [Dobbs] to the stand during the Commonwealth's case in chief [against Morrison]." N.T., 10/11/16, at 6. The court granted the motion. *Id.*

At this hearing, Dobbs began to testify, but later left the stand after Judge Ignelzi informed her that, for purposes of the hearing, she should be

represented by counsel other than Attorney Raiford. Judge Ignelzi further informed Dobbs that counsel would be appointed to represent her.[1] Attorney Raiford and Morrison also testified. Although the proceeding was continued so that Dobbs could be cross-examined with counsel present, the record reveals no disposition before the case was reassigned to the Honorable Beth A. Lazzara in 2018.

On August 28, 2018, Morrison entered a guilty plea to third-degree murder and related charges and chose to be sentenced immediately. The trial court then sentenced him to an aggregate term of twenty to forty years of imprisonment, to be followed by a two-year probationary term. Morrison did not file either a post-sentence motion or a direct appeal.

On August 28, 2019, Morrison filed a *pro se* PCRA petition, and the PCRA court appointed counsel. On April 14, 2020, PCRA counsel filed an amended petition. Thereafter, the Commonwealth filed an answer. On June 24, 2020, the PCRA court issued a Rule 907 notice of its intent to dismiss Morrison's PCRA petition without a hearing. Morrison filed a response. By order entered on August 7, 2020, the PCRA court dismissed Morrison's PCRA petition. This timely appeal followed. Both Morrison and the PCRA court have complied with Pa.R.A.P. 1925.

_____

[1] On October 16, 2015, conflict counsel entered his appearance for Dobbs. ***See Commonwealth v. Dobbs***, CP-02-CR-001866-2015. Dobbs later pled guilty to the charges mentioned above.

Morrison raises the following three issues on appeal:

I.  The PCRA court erred in dismissing the PCRA petition where prior counsel [Attorney Milton] Raiford provided ineffective assistance of counsel and deprived Morrison of his right to due process and a fair trial by inappropriately providing dual representation to Morrison and his co-defendant Dobbs; failing to realize he could not provide dual representation to both co-defendants charged by information stemming from the same homicide; discussing Morrison's case with [Morrison] before revealing that he was already retained to represent Dobbs; and continuing to represent Dobbs and to accompany her to provide statements to law enforcement so she could be a Commonwealth witness against Morrison, where [Attorney] Raiford had a continuing duty of confidentiality to Morrison, who was his prior client.

II. The PCRA court erred in dismissing the PCRA petition where trial counsel was ineffective for failing to file a motion to dismiss the charges following Judge Ignelzi's determination that Attorney Raiford's dual representation of Morrison and Dobbs was an inherent conflict of interests, particularly where the District Attorney's Office was aware of the conflict and should not have engaged in discussions and negotiations with [Attorney] Raiford when they were aware he still owed a duty of confidentiality to his former client.

III. The PCRA court erred in dismissing the PCRA petition where trial counsel was ineffective for failing to file a motion to withdraw Morrison's unlawfully induced, invalid guilty plea.

Morrison's Brief at 5 (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings

- 4 -

in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Moreover,

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

In his three issues, Morrison contends that Attorney Raiford, and his subsequent trial counsel, provided him with ineffective assistance. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or

omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*[2] A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

In his first issue, Morrison contends that Attorney Raiford was ineffective because he later represented Dobbs. He argues that, because Judge Ignelzi "determined that it was a conflict of interest for [Attorney] Raiford to represent either Dobbs or Morrison, the only remaining [ineffectiveness] prong to establish" was prejudice. Morrison's Brief at 29. According to Morrison, he established prejudice because Attorney Raiford continued to represent Dobbs, "who the Commonwealth then groomed as a witness against [him] at his upcoming trial. The deck was stacked against Morrison and, with that understanding, he was forced to plead guilty." *Id.*

The PCRA court rejected this claim because Morrison could not establish prejudice. In its Rule 907 Notice, the PCRA court first summarized its findings based on the testimony presented at the October 11, 2016, evidentiary hearing:

> The evidence of record establishes the following facts:
> (i) Attorney Raiford only met with [Morrison] one (1) time for approximately thirty (30) minutes on the day before his

---

[2] Morrison does not argue that prejudice here should be presumed under, *U.S. v. Chronic*, 466 U.S. 648 (1984), and we will not analyze this issue.

preliminary hearing; (ii) he ultimately never represented [Morrison] in any court proceeding; and (iii) any privileged information that Attorney Raiford learned during his single, thirty (30) minute meeting with [Morrison] was never shared with co-defendant Dobbs, law enforcement or the District Attorney's Office.

Although Attorney Raiford had already agreed to represent Dobbs on August 16, 2015, and afterwards had accepted a retainer and met with [Morrison] on September 3, 2015, Attorney Raiford refunded [Morrison's] money and withdrew from the case the very next day, on September 4, 2015, when his first scheduled preliminary hearing was set to take place. The preliminary hearing was postponed so that [Morrison] could secure new counsel and [trial counsel] was retained thereafter. [Trial counsel] represented [Morrison] from the date of his October 21, 2015 preliminary hearing all the way through the date of his guilty plea and sentencing on August 28, 2018.

Rule 907 Notice, 6/24/20, 2-3 (formatting altered; citations and footnotes omitted).[3]

Given these findings, the PCRA court concluded Morrison could not establish prejudice. The court explained:

Accordingly, this court fails to see how any conflict created by Attorney Raiford's incredibly short-lived dual representation of [Morrison] and Dobbs interfered with [Morrison's] right to a fair trial or resulted in a due process violation. [Morrison] cannot demonstrate that the outcome of the proceeding would have been different but for Attorney

_____

[3] In footnotes, the PCRA court further observed that, at the evidentiary hearing, Attorney Raiford confirmed that he did not discuss Morrison's case with Dobbs after he continued to represent her, and he did not use any information provided by Morrison to assist Dobbs in her case. The PCRA court also noted that an assistant district attorney confirmed that the Commonwealth's handling of the Dobbs case was not at all influenced or based on any information that was received from Attorney Raiford.

- 7 -

Raiford's misstep in agreeing to represent [Morrison] because that representation ultimately terminated within approximately 24 hours and did not result in any confidential information being disclosed by [Attorney] Raiford[.]

*Id.* at 3 (formatting altered). Our review of the record supports the PCRA court's conclusion that Morrison could not establish prejudice.

Morrison's claim that he proved prejudice fails. He argues:

It is irrelevant that Attorney Raiford withdrew from Morrison's case [at his first scheduled preliminary hearing] because he already met with Morrison and discussed the case. Consequently, when the Commonwealth proceeded to develop co-defendant Dobbs as a witness against Morrison, knowing that Dobb's attorney still had a duty of confidentiality to prior client Morrison, they did so at their own peril. Morrison was prejudiced by these actions and it warrants relief.

Morrison's Brief at 30.

In this argument, Morrison makes assumptions that are contrary to the PCRA court's findings and are unsupported by our review of the record. The PCRA court found Attorney Raiford did **not** disclose any privileged information to either Dobbs or the Commonwealth, and the court accepted the Commonwealth's assertion that its handling of Dobb's case was **not** influenced by any information received from Attorney Raiford.

Moreover, Morrison does not discuss how the Commonwealth's potential use of Dobbs as a witness against him caused him prejudice. Indeed, the Commonwealth possessed other strong evidence of Morrison's guilt, including an eyewitness to the shooting.

As the record supports the PCRA court's conclusion that Morrison could not prove that he was prejudiced by Attorney Raiford's brief interaction with him, Morrison's first issue fails.

In his second issue, Morrison claims his trial counsel was ineffective for not filing a motion to dismiss the charges, based on an inherent conflict of interest. Given our disposition of Morrison's first issue, that Morrison was not prejudiced by Attorney Raiford's brief representation of him, his second issue likewise fails. As the PCRA court explained:

> For the same reason, [Morrison's] second claim that [trial counsel] was ineffective for not filing a motion to dismiss the charges based on Attorney Raiford's conduct also fails, because he cannot prove that the failure to file such motion resulted in actual prejudice. Given that Attorney Raiford never represented [Morrison] in any court proceeding at common plea or magisterial level and given that any information provided by [Morrison] was never disclosed or otherwise used against him, [Morrison] cannot show that that there was a fair probability that a motion to dismiss would have been granted had it been filed.

Rule 907 Notice, 6/24/20 at 4 (formatting altered). The PCRA court concluded that trial counsel cannot be deemed ineffective for failing to file a meritless motion to dismiss the charges filed against him. *See id.* (citing ***Commonwealth v. Spotz***, 896 A.2d 1191, 1210 (Pa. 2006)). We agree. Thus, Morrison's second issue warrants no relief.

In his third issue, Morrison claims that the PCRA court erred "when it determined that Attorney Raiford's ineffectiveness through dual-representation of both Dobbs and [him] did not taint the process and deprive

[him] of a fair trial, thus leaving him no option but to enter a guilty plea."

Morrison's Brief at 47. He essentially argues that his guilty plea was invalid,

and that trial counsel was ineffective for failing to file a motion to withdraw

the invalid plea under the extremely unusual circumstances of this case." ***Id.***

In considering this claim, we note Morrison claims both Attorney Raiford

and trial counsel provided ineffective assistance. We have already rejected

Morrison's claims of ineffectiveness on the part of Attorney Raiford when

disposing of Morrison's first issue. Thus, we need only decide whether trial

counsel was ineffective for failing to file a motion to withdraw his guilty plea.

Regarding this claim, we have summarized:

> Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

> The standard for post-sentence withdraw of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

***Commonwealth v. Kelley***, 136 A.3d 1007, 1012-13 (Pa. Super. 2016)

(citations omitted).

- 10 -

Here, the PCRA court found no arguable merit to Morrison's challenge to the validity of his plea because his claim was refuted by Morrison's answers to the court's questions during the oral plea colloquy, as well as those provided in the written colloquy. In addition, the court concluded that Morrison could not establish prejudice. Given these conclusions the PCRA court rejected as meritless Morrison's claim that trial counsel was ineffective for failing to file a motion to withdraw his plea.

The court reasoned:

> [S]ince Attorney Raiford's brief stint as [Morrison's] counsel did not result in any privileged communication being disclosed, and since [trial counsel] had a three (3) year-long attorney[-]client relationship with [Morrison], [Morrison's] claim that [trial counsel] was ineffective for failing to withdraw his unlawfully induced guilty plea does not entitle him to PCRA relief. The in-depth colloquy conducted on the record at the time of [Morrison's] plea and the sworn statements [he] made under oath clearly establish that [Morrison] entered his plea knowingly, voluntarily, and willingly.
>
> [Morrison] alleges that, because of Attorney Raiford's conduct that occurred in September of 2015, [Morrison] "felt completely trapped into accepting a guilty plea" three (3) years later. This bare-boned assertion is belied by the record. At his plea hearing, [Morrison] confirmed that he was not threatened, forced, or coerced into pleading guilty. He further confirmed that throughout the approximate three (3) years that [trial counsel] represented him, they met on several occasions and discussed his sentencing exposure, the different degrees of murder that could be pursued, and the trial strategies related to each scenario. [Trial counsel] even brought on another attorney to consult with on trial strategy. [Morrison] testified that [trial counsel] answered his questions adequately and that he was satisfied with [trial counsel's] representation. [Morrison] also testified that he did not feel that [trial counsel] could have done anything

- 11 -

differently and he did not believe that [trial counsel's] representation was deficient in any way. [Morrison] further confirmed that he answered the questions in the written plea colloquy truthfully and that he was pleading guilty of his own free will.

\*\*\*

[Morrison's] sworn statements made during his plea colloquy completely contradict his claim that his plea was unlawfully induced because he "had no faith in the system," "felt that his rights had been completely compromised beyond salvation" and felt that [trial counsel] "had not taken any measures to cure the existing prejudice."

Rule 907 Notice, 6/24/20, at 4-5 (formatting altered; citations omitted).

A defendant is bound by the statements he makes during his guilty plea and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy. ***See generally***, ***Commonwealth v. Pollard***, 832 A.2d 517, 523-24 (Pa. Super. 2003). Thus, we agree with the trial court that Morrison's claim he entered an invalid plea is meritless.

The PCRA court further explained why Morrison could not establish prejudice:

Ultimately, [Morrison] cannot demonstrate that Attorney Raiford's conduct affected the fairness or integrity of any proceedings against him. [Morrison] had the benefit of developing a years-long attorney-client relationship with [trial counsel] who fully apprised him of the nature of the charges and evidence against him and who worked diligently on his behalf to negotiate a fair plea agreement. The court also notes that [Morrison's] decision to plead guilty was made *three (3) years* after Attorney Raiford withdrew from his case and *two (2) years* after the October 11, 2016 hearing before Judge Ignelzi[.]

> [Morrison] entered his guilty plea with full awareness of Attorney Raiford's conduct and if [Morrison] genuinely had felt pressured, strong-armed, or otherwise despondent as a result of Attorney Raiford's dual representation, he would have voiced his concern of the matter at the plea hearing when he was provided with an opportunity to state any concerns regarding his representation. Thus, [Morrison's] claim that his plea was unlawfully induced ant that [trial counsel] was ineffective for failing to file a motion to withdraw the plea lacks arguable merit and does not warrant PCRA relief.

Rule 907 Notice, 6/24/20, at 5-6 (emphasis in original; formatting altered).

Our review of the record supports the PCRA court's conclusions. As found by the PCRA court, Morrison's statements made in his oral and written guilty plea colloquies contradict his present assertions. Counsel cannot be deemed ineffective for failing to file a meritless claim. ***Spotz***, ***supra***. Thus, Morrison's third issue fails.

In sum, because all of Morrison's ineffective assistance claims lack arguable merit and/or he cannot establish prejudice, we affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/30/2021</u>