J-S25043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARQUICE BRUSSARD MANN | : | |
| | : | |
| Appellant | : | No. 125 WDA 2022 |

Appeal from the PCRA Order Entered January 6, 2022
In the Court of Common Pleas of Indiana County
Criminal Division at No(s): CP-32-CR-0000282-2020

BEFORE: BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:        **FILED: DECEMBER 05, 2022**

Appellant, Marquice Broussard Mann, appeals from the order entered in the Indiana County Court of Common Pleas, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows. Appellant had charges at two criminal docket numbers pending against him— the instant case and a separate matter, in which Appellant pled guilty to robbery. At the docket number at issue in this appeal, the court conducted a bench trial on September 22, 2020, and convicted Appellant of kidnapping and false imprisonment. On November 2, 2020, the trial court sentenced Appellant to an aggregate term of 48 to 96 months' incarceration across both

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

docket numbers, with the respective sentences at each docket running concurrent to one another. Appellant did not file a direct appeal.

On July 26, 2021, Appellant timely filed a *pro se* PCRA petition, requesting reinstatement of his post-sentence and direct appeal rights *nunc pro tunc*. Appellant claimed that trial counsel failed to file an appeal on Appellant's behalf despite Appellant's repeated requests that he do so. The PCRA court appointed counsel, who filed an amended PCRA petition on September 24, 2021.

The PCRA court conducted an evidentiary hearing on December 10, 2021. Appellant testified that he had a conversation with trial counsel immediately after trial or sentencing, during which trial counsel informed him that he would file a direct appeal. Several months later, Appellant left trial counsel voice messages inquiring about the status of the appeal. When Appellant did not hear back from trial counsel directly, Appellant's father reached out to trial counsel and learned that an appeal had not been filed.

Trial counsel testified at the PCRA hearing that he had a discussion with Appellant about his appellate rights after the trial. Trial counsel told Appellant that he did not believe there were any meritorious appellate issues. Additionally, trial counsel communicated his concerns that pursing an appeal may be to Appellant's detriment because a new trial may result in sentences that were not concurrent to Appellant's second case. After this conversation, Appellant understood trial counsel's concerns and did not request to file an

appeal. Trial counsel testified that Appellant did not contact him at any point after this discussion to request that an appeal be filed on his behalf.

After hearing all the evidence, the PCRA court denied Appellant's PCRA petition on January 6, 2022. On January 13, 2022, Appellant filed a timely notice of appeal and a voluntary Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant raises the following issue for our review:

> The [PCRA] court erred in denying Appellant's PCRA petition in regards to his contention that his prior counsel failed to file an appeal of his conviction that he requested.

(Appellant's Brief at 4).

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." **Commonwealth v. Beatty**, 207 A.3d 957, 960-61 (Pa.Super. 2019), *appeal denied*, 655 Pa. 428, 218 A.3d 850 (2019). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." **Commonwealth v. Spotz**, 610 Pa. 17, 18 A.3d 244, 259 (2011). "[W]e review the court's legal conclusions *de novo*." **Commonwealth v. Prater**, 256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, __ Pa. __, 268 A3.d

386 (2021).

Appellant argues trial counsel provided ineffective assistance by failing to file a direct appeal as Appellant requested. Appellant asserts that he presented evidence at the PCRA hearing to demonstrate that he wished to file a direct appeal and attempted to contact trial counsel multiple times and through multiple means for this purpose. Appellant claims trial counsel's failure to file an appeal was unjustified and Appellant was prejudiced by the loss of his right to appellate review. Appellant concludes trial counsel was ineffective, and this Court should reinstate Appellant's post-sentence and direct appeal rights *nunc pro tunc*.[2] We disagree.

"Counsel is presumed to have rendered effective assistance." ***Commonwealth v. Hopkins***, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying

---

[2] We note that Appellant limited his argument at the PCRA hearing to a claim that trial counsel failed to file a requested direct appeal. He did not make an argument concerning trial counsel's failure to file post-sentence motions. Likewise, Appellant does not advance a separate argument on appeal concerning trial counsel's alleged failure to file post-sentence motions, notwithstanding Appellant's general mention of counsel's failure to do so. Consequently, we deem any argument related to the failure to file post-sentence motions abandoned on appeal and confine our review to whether trial counsel failed to file a direct appeal.

claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111 (2011).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit[.]" *Commonwealth v. Smith*, 167 A.3d 782, 788 (Pa.Super. 2017), *appeal denied*, 645 Pa. 175, 179 A.3d 6 (2018) (quoting *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994)). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

"Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests." *Commonwealth v. Kelley*, 136 A.3d 1007, 1012 (Pa.Super. 2016) (quoting *Pierce, supra* at 524, 645 A.2d at 194-95).

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater

potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

**Commonwealth v. King**, 259 A.3d 511, 520 (Pa.Super. 2021) (quoting **Sandusky, supra** at 1043-44).

"To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. [A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." **Commonwealth v. Spotz**, 624 Pa. 4, 33-34, 84 A.3d 294, 312 (2014) (internal citations and quotation marks omitted). "[A] criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." **Hopkins, supra** at 876 (quoting **Commonwealth v. Chambers**, 570 Pa. 3, 22, 807 A.2d 872, 883 (2002)).

> Our Supreme Court has held that where "there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases" and denies the accused the assistance of counsel that is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. **Commonwealth v. Lantzy**, 558 Pa. 214, 736 A.2d 564, 572 [(1999)]. Such an oversight constitutes prejudice and *per se* ineffectiveness under the PCRA. **Id.** However, "[b]efore a court will find ineffectiveness of trial counsel for failing to file a direct appeal, Appellant must prove that he requested an appeal and that counsel disregarded this request." **Commonwealth v. Touw**, 781 A.2d 1250, 1254

- 6 -

(Pa.Super. 2001) (emphasis added).

***Commonwealth v. Mojica***, 242 A.3d 949, 955 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 252 A.3d 595 (2021).

Instantly, the PCRA court credited trial counsel's testimony that he advised Appellant that there were no meritorious appellate issues and pursuing a direct appeal may be against Appellant's interests. The court also found that trial counsel credibly testified that Appellant understood trial counsel's concerns and did not ask trial counsel to file a direct appeal on Appellant's behalf after this conversation. Additionally, the court noted that Appellant's own testimony established that Appellant did not reach out to trial counsel to request that counsel file an appeal on Appellant's behalf until seven months after the trial. The record supports the court's credibility determinations. ***See Beatty, supra***. Essentially, Appellant argues that we should disregard the PCRA court's credibility determination in favor of trial counsel; we decline to do so. ***See Spotz, supra***; ***Boyd, supra***. Therefore, we discern no error in the court's decision that Appellant failed to establish that he requested an appeal, and that trial counsel disregarded Appellant's request. ***See Mojica, supra.*** Accordingly, Appellant's ineffective assistance of counsel claim fails, and we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/05/2022