J-S13010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY FELICIANO | : | |
| | : | |
| Appellant | : | No. 2526 EDA 2022 |

Appeal from the PCRA Order Entered September 15, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004137-2011

BEFORE:   NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                      **FILED JUNE 01, 2023**

Appellant Anthony Feliciano appeals *pro se* from the order dismissing his petition for *habeas corpus* as an untimely serial petition under the Post-Conviction Relief Act[1] (PCRA).  Appellant argues that his *habeas* petition is not subject to the PCRA's time limitations, and that he was entitled to relief on his claims.  We affirm.

The underlying facts and procedural history of this matter are well known to the parties.  **See Commonwealth v Feliciano**, 3017 EDA 2019, 2020 WL 2919419, at *1-2 (Pa. Super. filed June 3, 2020) (unpublished mem.).  Briefly, on April 2, 2013, Appellant entered a negotiated guilty plea

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

to third-degree murder and possession of an instrument of crime (PIC).[2] That same day, the trial court imposed the negotiated sentence of twenty to forty years' incarceration for third-degree murder and no further penalty for PIC. Appellant did not file any post-sentence motions or a direct appeal. Appellant subsequently filed several unsuccessful petitions for collateral relief.

On July 27, 2022, Appellant filed the instant *pro se* petition seeking *habeas corpus* relief. Therein, Appellant argued that the third-degree murder sentencing statute, 18 Pa.C.S. § 1108(d), is void because it provides a punishment that is not authorized under the Sentencing Code. *Pro Se* Pet. for *Habeas Corpus*, 7/27/22, at 2-4. Further, Appellant claimed that "the PCRA does not afford him relief in the form of recission of his sentence imposed under a void statute, therefore, he is entitled to such relief as a matter of right pursuant to a writ of *habeas corpus*." ***Id.*** at 3-4; ***see also id.*** at 4 (Appellant contended that "[a] writ of *habeas corpus* is properly brought when there is no apparent remedy under the PCRA[,]" and because "the statute 1102(d) was void, and has been since its passage any petition raising the issue that the sentence is a nullity is not subject to timeliness constraints")."

On August 3, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing, and the court subsequently sent Appellant an amended notice on August 24, 2022. Appellant filed a timely *pro se* response reiterating that his claims were not

---

[2] 18 Pa.C.S. §§ 2502(c) and 907, respectively.

cognizable under the PCRA. On September 15, 2022, the PCRA court issued an opinion and order dismissing Appellant's petition as untimely filed. *See* PCRA Ct. Op. & Order, 9/15/22, at 3-5.

Appellant filed a timely notice of appeal. The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925(b). The PCRA court did not issue a separate Rule 1925(a) opinion.

On appeal, the Appellant raises the following issue:

> Whether the trial court abused its discretion in dismissing Appellant's petition for *habeas corpus* relief claiming he is illegally confined on the basis of a sentence, following a third-degree murder conviction that is a nullity, in that the judge utilized a statute that was [i]naccessible in violation of [his] due process rights?

Appellant's Brief at 3 (formatting altered).

Appellant argues his sentence for third-degree murder is illegal. *Id.* at 7-10. Specifically, Appellant claims that the statute authorizing his sentence, 18 Pa.C.S. § 1102(d), provides for a penalty that is not enumerated in 42 Pa.C.S. § 9721. *Id.* at 7-8. Appellant asserts that a writ of *habeas corpus* is the only remedy available to him and that he does not have to plead and prove any of the timeliness exceptions to the PCRA in a *habeas* proceeding. *Id.* at 10-11. Alternatively, Appellant claims that because his sentence under Section 1102(d) is illegal and void *ab initio*, it never became final and therefore, the PCRA's one-year time-bar has not begun to run. *Id.* at 10-11.

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's

decision is free of legal error." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

At the outset, we note that Appellant refers to his filing as a petition for a writ of *habeas corpus*. Our Supreme Court has held that the PCRA statute subsumes the writ of *habeas corpus* where a remedy is available under the PCRA. ***See Commonwealth v. Fahy***, 737 A.2d 214, 223-24 (Pa. 1999); ***see also*** 42 Pa.C.S. § 9542 (stating that a PCRA petition "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*").

A claim that the trial court lacked statutory authority to impose a particular sentence is a challenge to the legality of the sentence. ***See Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa. Super. 2016). A challenge to the "legality of sentence is always subject to review within the PCRA," however a PCRA petitioner "must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Fahy***, 737 A.2d at 223 (citation omitted); ***see also*** 42 Pa.C.S. § 9543(a)(2)(vii). Therefore, we conclude that the PCRA court properly construed Appellant's *habeas* petition as a subsequent PCRA petition.

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). A

judgment of sentence becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted and some formatting altered). If a PCRA petition is untimely, and none of the timeliness exceptions are met, our courts lack jurisdiction to address the merits of a challenge to the legality of the sentence. *See Commonwealth v. Miller*, 102 A.3d 988, 995-96 (Pa. Super. 2014).

Here, Appellant's judgment of sentence became final on May 2, 2013, the date on which the time to file a direct appeal expired. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Accordingly, Appellant had until May 2, 2014, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). Appellant's instant PCRA petition, filed on July 27, 2022, is facially untimely. Further, as noted previously, Appellant did not argue an exception to the PCRA time bar in his *pro se* petition. *Cf. Albrecht*, 994 A.2d at 1094. Because Appellant's petition is facially untimely and Appellant neither pled nor proved a timeliness exception under the PCRA, he has failed to meet the jurisdictional threshold for a court to consider the merits of his claim. *See Miller*, 102 A.3d at 995-96; *see also Brown*, 111 A.3d at 175. Therefore, the PCRA court correctly

concluded that it did not have jurisdiction to review the merits of Appellant's petition. **See Lawson**, 90 A.3d at 4. Accordingly, we affirm.

Order affirmed.


*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 6/1/2023*