J-S10038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ORIN L. WADLINGTON, SR. | : | |
| | : | |
| Appellant | : | No. 2567 EDA 2022 |

Appeal from the PCRA Order Entered September 13, 2022
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0002665-2020

BEFORE: PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY STABILE, J.: **FILED JULY 27, 2023**

Appellant, Orin L. Wadlington, Sr., appeals from the September 13, 2022 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA") 42 Pa.C.S.A. §§ 9541-46. We affirm.

The PCRA court summarized the pertinent facts in its Pa.R.A.P. 1925(a) opinion:

> Appellant was arrested on June 18, 2020, and the resulting changes included aggravated assault, robbery of a motor vehicle, simple assault, unauthorized use of a motor vehicle, and reckless endangerment of another person. On August 2, 2021, Appellant entered into a negotiated guilty plea to a single count of robbery of a motor vehicle and the Commonwealth withdrew the remaining charges as part of a negotiation. On the same day, this Court sentenced Appellant to a term of imprisonment of five to fifteen years in state custody.
>
> The uncontroverted facts presented at the plea establish that Appellant had borrowed the vehicle in question a few days before June 18, 2020. While Appellant originally had permission to borrow the car, it had not been returned as expected. The

owner of the car confronted the Appellant, who was sitting in the driver's side of the vehicle, in a Kohl's Department Store parking lot in Bensalem Township, Bucks County, Pennsylvania. When confronted and asked to return the vehicle by the owner, Appellant attempted to push the owner from the vehicle and drove away in the vehicle, dragging the car owner who had been grabbing the driver's side door handle. The car owner sustained injuries to her face, hand, and leg as a result of the Appellant's actions.

PCRA Court Opinion, 12/4/22, at 1-2 (record citations omitted).

On October 20, 2021, the trial court denied Appellant's motion for reconsideration of his sentence. Appellant did not file a direct appeal. Proceeding *pro se*, Appellant filed a timely first PCRA petition on December 16, 2021. Appointed counsel filed an amended petition on April 22, 2022, challenging the effectiveness of plea counsel and the voluntariness of Appellant's plea. The PCRA court conducted a hearing on June 6, 2022. After receiving post-hearing briefs, the PCRA court dismissed the petition on September 13, 2022. This timely appeal followed.

Appellant presents one question:

Did the PCRA court err in denying post-conviction relief with respect to Appellant's claim that he received ineffective assistance of counsel in the guilty plea proceedings where defense counsel did not properly investigate the facts of the case, the information provided by Appellant with respect to the allegations, did not obtain surveillance video necessary to the defense, failed to speak with witnesses, and failed to gather exculpatory evidence, all of which forced and coerced Appellant to enter a guilty plea?

Appellant's Brief at vi.

On review, we must determine whether the record supports the PCRA court's findings of fact; findings of fact supported in the record are binding on

this Court. ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (*en banc*), ***appeal denied***, 123 A.3d 331 (Pa. 2015). We also must discern whether the PCRA court committed an error of law. For questions of law, our standard of review is *de novo* and the scope of our review is plenary. ***Id.*** Counsel is presumed effective; to succeed on a claim alleging otherwise, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis in support of the disputed action or inaction; and (3) counsel's error was prejudicial, such that the outcome of the proceeding would have been different but for the error. ***Id.*** at 780.

A criminal defendant enjoys the right to effective counsel in connection with the entry of a guilty plea.[1] ***Commonwealth v. Rathfon***, 899 A.2d 365, 369 (Pa. Super. 2006) ***Commonwealth v. Kelly***, 136 A.3d 1007, 1013 (Pa. Super. 2016). "Where the defendant enters his plea on the advice of counsel,

_____

[1] The PCRA provides relief for, among other things:

> ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

42 Pa.C.S.A. § 9543(a)(2)(ii, iii). Appellant is proceeding under § 9543(a)(2)(ii). Appellant's Brief at 13. We therefore analyze this case under the law applicable to ineffective assistance of counsel.

the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** (**quoting *Commonwealth v. Moser***, 921 A.2d 526, 531 (Pa. Super. 2007)). To establish that plea counsel's ineffectiveness was prejudicial, the petitioner must establish that but for counsel's mistakes, the petitioner would not have pled guilty and instead would have proceeded to trial. ***Rathfon***, 899 A.2d at 370.

The record reflects that the owner of the vehicle, Jennifer Culver-Gross, was Appellant's ex-girlfriend. Appellant testified at the PCRA hearing that he had permission to use the car on the day in question, and that Culver-Gross and others were the assailants and Appellant the victim. N.T. 6/6/22, at 15-19. He claimed he turned the vehicle on and fled from the scene after somebody pointed a gun at him. ***Id.*** Appellant asserts, based on his own account of events, that plea counsel's inadequate investigation led him to advise a guilty plea.

First, and most generally, Appellant claims plea counsel was ineffective for failing to investigate all facts set forth in the Commonwealth's affidavit of probable cause. This argument fails. First, we observe that Appellant admitted the pertinent facts at his plea colloquy. A defendant who pleads guilty is bound by statements made under oath in court and cannot later contradict them. ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) ("The longstanding rule of Pennsylvania law is that a defendant may

not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies."). Second, plea counsel testified at the PCRA hearing that Appellant provided counsel with a version of events that implicated him in the crime of robbery of a motor vehicle.[2] According to plea counsel, Appellant admitted that Culver-Gross was the lawful owner of the vehicle, that he did not have permission to use it on the day in question, that he refused Culver-Gross's demand to get out of the vehicle, and that he drove away while Culver-Gross was still holding a door handle and thus dragged her part way through the parking lot. N.T., 6/6/22, at 39. Appellant never told counsel that anyone pointed a gun at him before he drove away. *Id.* Thus, counsel advised Appellant that he was mistaken in believing that his version of events, if believed by a finder of fact, would result in his acquittal on all charges. *Id.* The PCRA court found plea counsel's testimony to be credible, and we are bound by that determination.

Next, Appellant claims counsel was ineffective for failing to investigate a witness who would have corroborated Appellant's version of events. The witness in question, Suresh Patel, was managing a 7-Eleven convenience store near the location of the crime scene during the relevant time. Appellant testified at the PCRA hearing that he fled to the 7-Eleven after he escaped

---

[2] Robbery of a motor vehicle occurs where a person "steals or takes a motor vehicle from another person in the presence of that person or any other person in lawful possession of the motor vehicle." 18 Pa. C.S.A. § 3702(a).

from Culver-Gross and the other alleged assailants, that Patel locked the doors behind Appellant until police arrived, and that Patel could have provided testimony in support of Appellant's claim that he was a victim and not the assailant. *Id.* at 17.

Appellant cites **Commonwealth v. Pander**, 100 A.3d 626 (Pa. Super. 2014) (*en banc*), **appeal denied**, 109 A.3d 679 (Pa. 2015), wherein this Court wrote as follows:

> Neglecting to call a witness differs from failing to investigate a witness in a subtle but important way. The failure to investigate presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation. It can be unreasonable per se to conduct no investigation into known witnesses. Importantly, a petitioner still must demonstrate prejudice. To demonstrate prejudice where the allegation is the failure to interview a witness, the petitioner must show that there is a reasonable probability that the testimony the witness would have provided would have led to a different outcome at trial.

*Id.* at 638–39 (internal citations and quotation marks omitted).

Appellant's argument fails for several reasons. First, as we have already explained, the PCRA court credited plea counsel's account of the version of events provided to him by Appellant. Appellant's self-serving PCRA hearing testimony, which was deemed not credible by the PCRA court, cannot by itself create an issue of arguable merit. Further, counsel's investigation revealed that the 7-Eleven in question was 200 yards away from the scene of the crime, with shrubbery and a slight incline obscuring the view of the crime scene from the 7-Eleven. Counsel determined that anyone inside the 7-Eleven could not have observed the events at issue. N.T. 6/6/22, at 38. Thus, counsel's

investigation revealed that Patel could not have provided an eyewitness account to support Appellant's claim that he was the victim rather than the assailant. Appellant has failed to establish that the absence of Patel's testimony was prejudicial, as required under *Pander*.

Finally, Appellant claims counsel's investigation was inadequate because counsel did not obtain surveillance footage from several nearby places of business. The record does not support this contention, as counsel testified that his investigation revealed that the places of business nearest the scene of the crime either had no exterior security cameras or had cameras that were not pointed in the right direction. *Id.* at 37-38. Thus, no relevant surveillance footage was obtainable. The PCRA court credited counsel's testimony, and we are bound by that determination.

Based on the foregoing, we conclude that Appellant failed to plead and prove that plea counsel rendered ineffective assistance. We therefore affirm the order dismissing his PCRA petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/27/2023*