J-S06015-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY W. JACKSON | : | |
| | : | |
| Appellant | : | No. 536 WDA 2025 |

Appeal from the PCRA Order Entered June 23, 2025
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000178-2024

BEFORE:   KUNSELMAN, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:              **FILED: May 19, 2026**

Anthony Jackson appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history may be summarized as follows.  On April 2, 2024, Officer Mikey Storm of the Brookville Police Department filed a criminal complaint against Jackson charging him with criminal attempt to commit various sex offenses.  These charges arose after Jackson began communicating with "Dez", who he believed to be a fifteen-year-old girl. Dez was actually an adult female posing as a minor as part of "814 Pred Hunters," a local group dedicated to exposing online child predators. After exchanging numerous texts and phone calls of a sexual nature, Jackson

_____

[*] Former Justice specially assigned to the Superior Court.

arranged to meet Dez at a location in Brookville. Jackson was dropped off by an uber driver. When Jackson started walking to the agreed upon address, two police officers placed him under arrest.

On August 21, 2024, Jackson entered a negotiated guilty plea to one count of attempted statutory sexual assault in return for the Commonwealth's dismissal of the remaining charges and a recommended sentence of eighteen months to ten years in a state correctional institution. After accepting the guilty plea, the court directed that Jackson be assessed by the Pennsylvania Sexual Offenders Board to determine whether he should be classified as a sexually violent predator (SVP). On November 20, 2024, the trial court entered an order finding that Jackson was not an SVP, and then imposed the negotiated sentence. Jackson did not file a post-sentence motion or a direct appeal.

On April 10, 2025, Jackson filed a *pro se* PCRA alleging plea counsel was ineffective and the 814 Pred Hunters operated an "illegal sting operation." The PCRA court appointed counsel. On May 7, 2025, PCRA counsel filed a petition to withdraw and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On May 22, 2025, the PCRA court issue a Criminal Rule 907 notice of its intent to dismiss Jackson's petition without a hearing. Jackson did not file a response. By order entered June 23, 2025, the PCRA court denied Jackson's petition and granted PCRA counsel's petition to

withdraw. This appeal followed.[1] Both Jackson and the PCRA court have complied with Appellate Rule 1925.

In his *pro se* brief, Jackson's statement of questions involved spans eight pages and includes the recitation of black letter law, federal constitutional amendments, state procedural rules, and portions of the PCRA statute that have no relevance to this appeal. **See** Jackson's Brief at 6-14. Generally, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]" **Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014). We discern from his brief, that Jackson claims the PCRA court erred in denying his petition without a hearing and that plea counsel's ineffectiveness caused him to enter an invalid plea. Thus, we will address these claims.[2]

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless

---

[1] On April 14, 2025, Jackson filed a *pro se* notice of appeal from an order purportedly entered by the court on April 8, 2025. There is no indication on the trial court docket that an order was entered on that date. Nonetheless, we note that Jackson's appeal was perfected once the PCRA court entered its June 2025 order denying his petition. **See** Pa.R.A.P. 905(a)(5) (providing that a notice of appeal "filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").

[2] We note with displeasure, the Commonwealth's January 16, 2026 letter to this Court informing us that it will not be filing an appellee brief in this appeal.

- 3 -

there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 749-50 (Pa. 2014).

Jackson asserts plea counsel's ineffectiveness caused him to enter an unlawful plea. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." ***Id.*** A failure to satisfy any prong of the test for ineffectiveness requires rejection of the claim. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010).

Regarding claims of ineffectiveness in relation to the entry of a plea, we note:

> Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

***Commonwealth v. Kelley***, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

Moreover, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel

>induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Id.* On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011).

Jackson argues that plea counsel was "well aware" that he has "a hard time comprehending or understan[d]ing" the plea process, but nonetheless coerced him into entering a guilty plea. Jackson's Brief at 18. He further contends that plea counsel "abandoned him and also used scare and entrapment tactics [Jackson having] no prominent conclusive evidence to understand what he might be facing[.]" *Id.* at 20. Jackson also asserts that he "was being prosecuted under [a] statute that did not apply and carried [a] substantially more severe penalty[.]" *Id.*

Our review of the record refutes Jackson's claims. In its statement in lieu of a Rule 1925 opinion, the PCRA court asserted that it could not address the issues Jackson raised in his Rule 1925(b) statement because it was filed in response to a nonexistent April 8, 2025 order, and not the subsequent order denying Jackson's PCRA petition. *See* Rule 1925(a) Statement, 7/9/25, at 1 (stating the court "cannot ascertain from [Jackson's] Concise Statement the nature of [Jackson's] grievance(s) surrounding the referenced April 8 order, [] nor can it fathom an educated guess since such an order was never docketed or made part of the record"). The court further stated that "[s]hould

the reviewing appellate panel wish to have a supplemental statement after ascertaining the substance and scope of the pending appeal, this [c]ourt will be happy to comply." *Id.*

Although we agree that Jackson's handwritten Rule 1925(b) statement is hard to read, let alone decipher, Jackson did claim that his plea counsel "lied and said I understood everything when I told him about my disabilities and I was [coerced] into it." Nonetheless, we need not remand for a supplemental opinion, given our determination that, under the totality of the circumstances, Jackson entered a valid plea. *Yeomans*, *supra*. At the oral guilty plea colloquy, Jackson repeatedly informed the court that he understood the consequences of his plea. Jackson is bound by his statements and cannot contradict them now. *Pollard*, *supra*. Thus, the PCRA correctly dismissed Jackson's petition, and did not need to hold a PCRA a hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/19/2026

- 7 -